Mr. M. A. Galbraith, Jr. City Attorney City of Boca Raton
QUESTIONS:
1. Is it a violation of the Government in the Sunshine Law for a news reporter to convey statements of voting intent on a particular matter made by a member of the governing body of a public agency subject to the Sunshine Law to another member of that governing body in advance of a scheduled public hearing on the matter, regardless of whether the information is conveyed orally or during an interviewing process or in the form of a published news story?
2. Is it a violation of the Government in the Sunshine Law for a member of a governing body of a public agency subject to the Sunshine Law to make a statement of voting intent on a particular matter to a news reporter known by the member to engage in the journalistic practice of obtaining and reporting the statements of voting intent in advance of scheduled public hearings?
SUMMARY:
Unless and until judicially determined otherwise, it is not a violation of the Sunshine Law, s. 286.011, F.S., for a news reporter to convey statements of voting intent on a particular matter made to him by a member of the governing body of a public agency subject to the Sunshine Law to another member of that governing body in advance of a scheduled public hearing on the particular matter so long as the news reporter is not being designedly appointed and used by a member of the council or the council itself as its or his or her agent or intermediary to circulate or collect and convey the information and thoughts of such member or members to the governing board in order to circumvent or evade the Sunshine Law. In the same vein, it is not a violation of the Sunshine Law for a member of the governing body to express his views or voting intent on an upcoming matter to a news reporter who the member knows will probably publish the same in a local newspaper prior to the scheduled public hearing so long as the news reporter is not being designedly appointed and used by the member or any other member of the council as an intermediary in order to circumvent or evade the public meeting requirements of the Sunshine Law.
As your questions are interrelated, they will be answered together. With qualifications, both questions are answered in the negative.
You state that it is a common practice among representatives of the local news media to interview city councilmembers individually in advance of council meetings regarding controversial issues and to publish the results of the interviews, including the councilmembers' probable votes, prior to the city council meetings at which the items of business are scheduled for discussion. You further state that because of this practice a poll of city councilmembers has been taken and the results announced prior to the public hearing on the matter. You state it may possibly constitute a `meeting' when the members of a city council, the day before a scheduled public hearing on a particular matter, read in a local newspaper what the probable outcome of the vote will be. It is also your opinion that a news story publishing the probable vote of individual councilmembers in advance of a council meeting may serve the same function as an intermediary who collects and conveys the same sort of information in private and in violation of the Sunshine Law. For the reasons stated herein, I do not share the same view.
The Government in the Sunshine Law, s. 286.011, F.S., provides:
 (1) All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
 (3) Any person who is a member of a board or commission or of any state agency or authority of any county, municipal corporation, or political subdivision who violates the provisions of this section by attending a meeting not held in accordance with the provisions hereof is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
It is true that the Government in the Sunshine Law, s. 286.011, F.S., is not limited to meetings at which final, formal actions are taken. It applies to `any gathering of the members where the members deal with some matter on which foreseeable action will be taken by the board.' Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969); Canney v. Board of Public Instruction of Alachua County, 278 So.2d 260 (Fla. 1973).
The test for determining whether a violation of the law has occurred is whether the members have dealt in secret with any matter on which foreseeable action may be taken by the board. (Emphasis supplied.) Hough v. Stembridge, 278 So.2d 288 (3 D.C.A. Fla., 1973). The Sunshine Law applies only when two or moremembers of a public board deal with some matter on which foreseeable official action will be taken. City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971); Board of Public Instruction of Broward County v. Doran, supra. As any conversation or interview between an individual board member and a news reporter would not involve `two or more members of a public board,' it is my opinion that ordinarily such conversations or interviews are not prohibited by s. 286.011, F.S. Cf. AGO 75-59 (telephone communications of director of utility authority and city manager to individual members of their respective legislative bodies not per se prohibited). I emphasize, however, that if the news reporter in fact has been appointed as the agent of and is being designedly used by a member or members of the council as or for the purpose of a `liaison' or `intermediary' to calculate and circulate among the board members the thoughts of such member or members in order to circumvent the statute, then such conversations or interviews might well be found by the courts to be violative of the letter and spirit of the law. The Sunshine Law should be construed so as to frustrate all evasive devices. Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974). As stated in AGO 074-47, `[c]are should be taken, however, not to intentionally
avoid the requirements of an open meeting by having an individual who is not a board member act as a liaison for board members by circulating information and thoughts of individual councilmen to the rest of the board.' (Emphasis supplied.)
The American Heritage Dictionary of the English Language defines `liaison' as, inter alia, an instance or means of communication between bodies, groups or units; a close relationship. The same dictionary defines an `intermediary' as, inter alia, one that acts as an agent between persons or things. If, in fact, the news reporter is being intentionally used by the council or a memberthereof as an agent of the council or councilmember by which to convey or circulate information or thoughts to be rest of the board then such action is in my opinion violative of the letter and spirit of the law. However, based on the facts as presented by you, I am inclined to view the news reporter more as the agent of the print media and public at large.
In Town of Palm Beach v. Gradison, supra at 475, the Supreme Court stated, in dictum, as follows:
 Every meeting of any board, commission, agency or authority of a municipality should be a marketplace of ideas, so that the governmental agency may have sufficient input from the citizens was are going to be affected by the subsequent action of the municipality. The ordinary taxpayer can no longer be led blindly down the path of government, for the news media, by constantly reporting community affairs, has made the taxpayer aware of governmental problems . . . .'
 Those who do not attend public meetings are given ample opportunity to participate in government by securing information of governmental activities from the news media. Responsible reporting of governmental activities results in letters or telephone calls from interested citizens so that governmental officials are given the benefit of both sides of the question . . . . (Emphasis supplied.)
A news story by a reporter who has interviewed members of the city council reporting the `probable vote' of the member or members interviewed on a particular matter to be taken up, in my opinion, can serve as a positive stimulant for interested citizens to participate more in the governing process. If the interested citizen reads in advance of the public hearing what the `probable vote' of his or her representatives will be, that citizen is then given the opportunity ahead of time to write letters, make telephone calls or plan to attend the public hearing to voice his or her position. To stifle councilmembers from making statements to the press regarding their position on an upcoming matter would not benefit the members of the governing body or the body electorate and, in any view, is not the intent and purpose behind the Sunshine Law. As stated above, the news story can only state what is the `probable' vote and `probable' result. By reading the story citizens are given the opportunity to take appropriate steps to change this `probable' vote and `probable' result.
Your advice to the city councilmembers `to refrain from disclosing your probable vote on any matter of public business to any representative of the news media (or to any other person who youbelieve may be an intermediary) in advance of the public meeting at which the matter is to be discussed' is correct if in fact the representative of the news media or any other person is being designedly or intentionally used by the city council or a member thereof as its or his or her agent or intermediary to circumvent or evade the public meeting requirements of the Sunshine Law. (Emphasis supplied.)
If the above situation is in fact true, then a violation of the law is probably occurring and the provisions of s. 286.011(3), F.S., quoted above are applicable. See also subsection (4) and (5) of s. 286.011, F.S.
Prepared by: Linda Lettera, Assistant Attorney General