224 So.2d 693 (1969)
BOARD OF PUBLIC INSTRUCTION OF BROWARD COUNTY, Appellant,
v.
Barbara DORAN, Appellee.
No. 37763.
Supreme Court of Florida.
July 2, 1969.
Rehearing Denied July 29, 1969.
*695 R.T. Shankweiler, of Patterson, Maloney & Frazier, Fort Lauderdale, for appellant.
Daniel Neal Heller and Tobias Simon and Beverly Gurevitz, Miami, for appellee.
ADKINS, Justice.
This is a direct appeal from a final judgment of the Circuit Court of Broward County, Florida, declaring Fla. Stat., § 286.011, F.S.A. (the Sunshine Law) to be constitutional and entering an injunction against the Board of Public Instruction of Broward County.
In the Court below, the appellant was the defendant and the appellee was the plaintiff.
In her complaint the plaintiff alleged that the defendant board was pursuing a policy of convening meetings at which official acts were to be taken in such fashion as to exclude the public therefrom; that the defendant convened for the purpose of taking official action on April 17, 1968 and ordered the public excluded from the meeting. Thereafter, on April 25, 1968 the defendant again met for the purpose of taking official action and again excluded the public from its meeting.
In its answer the defendant admitted that on April 17, 1968 the members of the board met for an informal conference at which no official acts were to be taken or were taken, and at which time the public was excluded. The defendant alleged that on this date the board officially convened an open meeting for the purpose of receiving recommendations from the superintendent. Defendant also alleged that the members of the board met at an official meeting on April 25, 1968 wherein official action was taken, but the public was not excluded and, in fact, the public attended. Defendant admits that during this meeting the members of the board recessed for an informal conference at which no official action was to be taken or was taken.
Both parties moved for summary judgment upon the pleadings, depositions and affidavits. In one affidavit for the defendant, it is stated that four members appeared at the school board office on April 17, 1968 for the purpose of having *696 an informal conference session at which no official acts were to be taken or were taken. During the conference the defendant invoked "a long-standing policy of the board" to disallow the presence of the public, although the press was allowed to remain. During this conference the board discussed a proposed salary schedule which had been submitted for formal action at the meeting to be held on April 18th. Changes were suggested in the salary schedule but no vote was taken concerning the same on April 17th. On the latter date the board did call an official meeting to order for the purpose of receiving recommendations of the superintendent, which were required to be received by law. The board acknowledged receipt of the recommendations and took no further action before adjourning. This meeting was open to the public.
Another affidavit states that the entire board appeared on April 25, 1968 for the purpose of having an official meeting. During the official meeting, on advice of counsel that private discussions could be held without violating the Sunshine Law, the meeting was recessed and the members retired to discuss business of the board, where no official action was to be taken. During such discussion no official action was taken by way of resolution, rule, enactment of regulations or otherwise. The informal conference was broken up and the members readjourned the official meeting.
The affidavit of Rose Marie Yeslow, supporting plaintiff's motion, states that she appeared at the conference meeting on April 17, 1968 at the invitation of a member of the board. Another member questioned the advisability of allowing any outsiders to attend the conference meetings, reasoning that "there would be no stopping-point  even the P.T.A. would want to attend." The board then passed a motion to exclude all people except the press from the conference meeting. The affiant Yeslow objected but she was nevertheless asked to leave. It was further stated that she attended the meeting held on April 25, 1968. Items were passed by letter and number and it was impossible for the public to understand the items being considered. The Chairman recessed the meeting and the board met in closed session for a period of two and one-half hours. It is further stated that the board returned and "continued to pass items by letter and number on a roll-call vote."
The purpose of the meeting held April 17, 1968 was to serve the function of giving the board and staff members information and background concerning issues which were to be voted on, or to be considered, or possibly not considered at the formal meeting. It was a routine meeting held every Wednesday before the formal action. The members were given information from various sources and on the basis of this information they formulated to quite a degree what their position would be at the formal meeting the following night.
Neither plaintiff or defendant quarrels with these facts as recited in the final judgment.
The final judgment contains the following findings:
"For at least a year and a half there has been a pattern on the part of the board of holding conferences on Wednesday afternoon in advance of the Thursday night meetings. There were three types of matters in which the board at these conference meetings did arrive at decisions. One dealt with matters involving the possible castigation or suspension of personnel; acquisition of or sale of real estate; and the third were circumstances under which they wanted to confer with their counsel.
"It was plaintiff's counsel's position, and he thought it clear, that at other conferences they discussed matters which came close to but possibly did not reach formal agreement at the conference. One was the salary schedule that was *697 adopted on April 18th. On April 17th the question was discussed for approximately two hours. Between the 17th and the 18th a revised schedule was presented to the board by the superintendent and on the 18th the matter was called up for voting. With none or minimal discussion a formal vote was taken adopting the changed salary schedule.
"On April 25th there was an open official meeting of the board, and at some place during the course of the meeting there was a recess taken and all five members convened in the conference room, to which the public was excluded. At that time matters transpired as to which there is no knowledge, and it does not appear in the record, and the board then convened in open meeting and continued their deliberations.
"Counsel for the defendant stated that there was no doubt that there was a pattern or a policy of the board that they would not discuss in open session litigation, real estate purchases, or personnel matters, but they did not decide on these matters in closed session. They discussed them excluding the press. At the meeting on the 17th the press were present. The only time when everybody is excluded during discussions were on these three matters.
"In reference to the 25th, the record is silent as to what happened during the recess.
"At the conference meetings the decision of the board was to permit the press to be present most of the time, but the public is excluded other than the press from these conference meetings at all times, except on express invitation by the board to members of the public other than the press."
The Court, after discussing the law, declared Ch. 67-356, Laws of Fla., now Fla. Stat., § 286.011, F.S.A., to be a valid and constitutional law. The Court also ordered:
"The defendant, the BOARD OF PUBLIC INSTRUCTION OF BROWARD COUNTY, a body corporate, be and the same is hereby enjoined from the violation of the aforesaid statute, including, without limitation, the holdings of meetings or conference sessions at which a quorum is present, wherein all or part of the public is excluded, at which official actions are taken or are to be taken; or at which the said board receives reports from its superintendent or other personnel of the BOARD OF PUBLIC INSTRUCTION OF BROWARD COUNTY, or at which are held any discussions on current, or foreseeably so, matters, not privileged, pertaining to the duties and responsibilities of the BOARD OF PUBLIC INSTRUCTION OF BROWARD COUNTY."
Defendant has appealed from this final judgment contending first that the statute is so vague and ambiguous that it does not afford procedural due process of law to the defendant; that the statute constitutes an unlawful delegation "without adequate standards" of the legislative prerogative to the judiciary and constitutes a judicial encroachment upon the executive branch of government; and that more than one topic and subject matter is contained within the statute in violation of Art. III, § 16, Fla. Const., F.S.A., and for the further reason that scienter was not made a specific element of this penal statute.
A legislative act which is so vague, indefinite and uncertain that courts are unable by accepted rules of construction to determine with any reasonable degree of certainty what the Legislature intended, or which is so incomplete, conflicting and inconsistent in its provisions that it cannot be executed, will be declared inoperative and void. If the law can fairly be so construed as to make it lawfully enforceable, the courts should, in deference to the lawmaking power, give it that effect rather than to adjudge the legislative enactment *698 to be illegal or vain. The language used in the statute should be construed as an entirety and with reference to the purpose of the law as shown by all enactments on the subject. Peninsula Industrial Insurance Company v. State, 61 Fla. 376, 55 So. 398 (1911); 22 F.L.P. Statutes, § 13.
This Court construed Fla. Stat., § 165.20 (F.S.A.) in Turk v. Richard, 47 So.2d 543 (Fla. 1950). The question in the case was what the Legislature meant by the words "all meetings" when it enacted this statute requiring that all meetings of any city or town council should be held open to the public of any such city or town. The Court said:
"The rule being plain as to what is necessary to constitute a `meeting' under the law pertaining to municipal corporations, it must be assumed that when the legislature of the state enacted a statute providing that `all meetings of any city or town council * * * of any city or town * * * shall be held open to the public of any such city or town * * *' it had knowledge of the general law pertaining to municipal corporations and intended the term `all meetings' to have reference only to such formal assemblages of the council sitting as a joint deliberative body as were required or authorized by law to be held for the transaction of official municipal business; for at no other type of gathering, whether attended by all or only some of the members of the city council, could any formal action be taken or agreement be made that could officially bind the municipal corporation, or the individual members of the council, and hence such a gathering would not constitute a `meeting' of the council." (Emphasis added.)
Subsection (1) of Fla. Stat., § 286.011 (F.S.A.), the Sunshine Law under consideration, provides as follows:
"All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation or any political subdivision, except as otherwise provided in the constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, regulation or formal action shall be considered binding except as taken or made at such meeting." (Emphasis added.)
Under the decision in Turk v. Richard, supra, it would have been unnecessary to include a provision declaring certain meetings as "public meetings" if the intent of the Legislature had been to include only formal assemblages for the transaction of official business. The obvious intent was to cover any gathering of the members where the members deal with some matter on which foreseeable action will be taken by the board.
The defendant also complains because adequate standards are not included in the provisions of the act. In order to satisfy the constitutional requirement of due process, a statute must be sufficiently explicit in its description of the acts, conduct or conditions required or forbidden, to prescribe the elements of the offense with reasonable certainty and make known to those to whom it applies what conduct on their part will render them liable for its penalties. 16A C.J.S. Constitutional Law § 580; Brock v. Hardie, 114 Fla. 670, 154 So. 690 (1934). Statutory language that conveys a definite warning as to proscribed conduct when measured by common understanding or practices satisfies due process. See City of St. Petersburg v. Calbeck, 114 So.2d 316 (Fla.App. 2d Dist. 1959). This statute complies with the requirements of organic due process prescribed by the Constitution.
Also, the statute does not violate Art. III, § 16, Fla. Const., 1885 prohibiting the passage of an act of the Legislature which embraces more than one subject. *699 The term "subject of an act" within this provision means the matter which forms the groundwork of the act and it may be as broad as the Legislature chooses as long as the matters included in the act have a natural or logical connection. See cases cited in 22 F.L.P. Statutes, § 30. The fact that a statute embracing the matter of open meetings for certain boards and commissions also contains provisions for criminal penalties and an injunction by application of citizens does not make the act unconstitutional.
Subsection (3) of Fla. Stat., § 286.011, F.S.A., provides that any person who violates the provisions of the act "by attending a meeting not held in accordance with the provisions hereof," is guilty of a misdemeanor. Defendant complains because scienter was not made a specific element of the offense. We construe the statute to impliedly require a charge and proof of scienter. We can so construe the subject statute without being guilty of a "judicial amendment of the statute." Cohen v. State, 125 So.2d 560 (Fla. 1961).
The attack of the defendant upon the constitutionality of the law must fail. But even if the act is constitutional defendant contends that factually no "official act" occurred within the meaning of the law and injunctive relief was improperly granted plaintiff.
The right of the public to be present and to be heard during all phases of enactments by boards and commissions is a source of strength in our country. During past years tendencies toward secrecy in public affairs have been the subject of extensive criticism. Terms such as managed news, secret meetings, closed records, executive sessions, and study sessions have become synonymous with "hanky panky" in the minds of public-spirited citizens. One purpose of the Sunshine Law was to maintain the faith of the public in governmental agencies. Regardless of their good intentions, these specified boards and commissions, through devious ways, should not be allowed to deprive the public of this inalienable right to be present and to be heard at all deliberations wherein decisions affecting the public are being made.
Statutes enacted for the public benefit should be interpreted most favorably to the public. The fact that the statute contains a penal provision does not make the entire statute penal so that it must be strictly construed. For instance, the Workmen's Compensation Act makes it a misdemeanor for an employer not to secure payment of compensation. Fla. Stat., § 440.43 (F.S.A.). This Court has nevertheless held that the Compensation Act is to be liberally construed. Florida Game & Fresh Water Fish Commission v. Driggers, 65 So.2d 723 (Fla. 1953).
Although this statute provides for the issuance of injunctions upon application by "citizens," the Circuit Court could properly entertain the application of one citizen, as Fla. Stat., § 1.01(1), F.S.A., provides that the singular includes the plural and vice versa in the construction of a word in the Florida Statutes.
The final judgment enjoins the defendant "from the violation of the aforesaid statute." Other portions of the twelve-page final judgment delineates the course of conduct being followed by the defendant, much of which is included in the extended statement of facts contained in this opinion. The acts enjoined are specified in the judgment with such reasonable definiteness and certainty that the defendant could readily know what it must refrain from doing without speculation and conjecture.
While it is well established that courts may not issue a blanket order enjoining any violation of a statute upon a showing that the statute has been violated in some particular respects (see Moore *700 v. City Dry Cleaners & Laundry, 41 So.2d 865 (Fla. 1949)), nevertheless they do possess authority to restrain violations similar to those already committed. See Interstate Commerce Commission v. Keeshin Motor Express, 134 F.2d 228 (C.C.A.Ill. 1943). This Court may enjoin violations of a statute where one violation has been found if it appears that the future violations bear some resemblance to the past violation or that danger of violations in the future is to be anticipated from the course of conduct in the past. See National Labor Relations Board v. Express Publishing Company, 312 U.S. 426, 437, 61 S.Ct. 693, 700, 85 L.Ed. 930 (1941).
The crux of defendant's complaint is the fact that an injunction was issued and certain meetings will have to be made public. Apparently the defendant understands the injunction and what it encompasses, but complains in its brief because certain matters can no longer be discussed by the board in private. His causes of complaint, if deserving, are matters for the Legislature, not the courts.
The final judgment, inter alia, enjoins the defendant from the holding of any meeting or conference session,
"* * * at which are held any discussions on current, or foreseeably so, matters, not privileged, pertaining to the duties and responsibilities of the Board of Public Instruction of Broward County."
Fla. Stat., § 286.011 (F.S.A.) contains no exception. Therefore, this portion of the final judgment is amended so as to read as follows:
"* * * at which are held any discussions on matters pertaining to the duties and responsibilities of the Board of Public Instruction of Broward County."
The judgment of the Circuit Court as amended is affirmed.
ERVIN, C.J., and ROBERTS, DREW, CARLTON and BOYD, JJ., concur.
CULVER SMITH, Circuit Judge, concurs specially with Opinion.
CULVER SMITH, Circuit Judge (concurring specially):
I concur in that the act is constitutional but do not entirely agree with the balance of the opinion.