QUESTIONS: 1. May a city council meet privately with a city manager and city attorney present if the purpose of such meeting is to discuss the provisions of a proposed mini- PERC ordinance and whether to pass said ordinance? 2. May a meeting of a city council with the city manager and city attorney present at which discussion is to be general in nature regarding the particular attitude or stance that a city is going to take with reference to unionization and collective bargaining be held in private? 3. If the answer to either one of the above hypothetical questions is negative, please delineate as specifically as possible what aspects of labor relations may be discussed privately outside of the Sunshine Law.
SUMMARY: A meeting of a city council with a city manager and city attorney present at which discussions of a proposed mini- PERC ordinance and/or the particular attitude or stance a city is contemplating with reference to unionization or prospective collective bargaining are to transpire is subject to the Sunshine Law, s. 286.011, F.S. The new Collective Bargaining Act, Ch. 74-100, Laws of Florida, provides the following exemption from the Government in the Sunshine Law, s. 286.011, F.S., at s. 3 [s.447.605, F.S. (1974 Supp.)]: All discussions between the chief executive officer of the public employer and the legislative body of the public employer relative to collective bargaining shall be exempt from s. 286.011, F.S. (Emphasis supplied.) "Collective Bargaining" is defined at s. 3 [s. 447.203(14)] as: . . . the performance of the mutual obligations of the public employer and the bargaining agent of the employee organization to meet at reasonable times, to negotiate in good faith, and to execute a written contract with respect to agreements reached concerning the terms and conditions of employment. . . . The Government in the Sunshine Law, s. 286.011, F.S., requires that all meetings of a covered board or commission at which "foreseeable action" will be taken by said body be open to the public. The law also provides that no resolution, rule, regulation, or formal action shall be considered binding except as taken or made at such "open meeting." See s. 286.011(1). Moreover, s. 116.041(3), F.S., states that a proposed ordinance . . . may be read by title, or in full, on at least two separate days and shall, at least fourteen days prior to adoption, be noticed once in a newspaper of general circulation in the municipality. The notice of proposed enactment shall state the date, time and place of the meeting, the title or titles of proposed ordinances, and the place or places within the municipality where such proposed ordinances may be inspected by the public. Said notice shall also advise that interested parties may appear at the meeting and be heard with respect to the proposed ordinance. Thus, in light of ss. 116.041(3) and 286.011, F.S., all discussions concerning the adoption of any proposed ordinance must be open to the public. Discussions involving a proposed mini-PERC ordinance and whether or not to adopt said ordinance are within the purview of ss. 116.041(3) and 286.011 and do not fall within the exemption contemplated by s. 447.605, F.S. (1974 Supp.). In regard to your second question, I am of the view that discussions relating to a "stance" or "attitude" the city is considering adopting with reference to unionization and prospective collective bargaining negotiations do not come within the exemption afforded by s. 447.605, F.S. (1974 Supp.), which exempts certain discussions relative to collective bargaining as that phrase is defined within the act. Even if it is assumed, for purposes of argument, that discussions regarding the public employer's proposed "attitude" or "stance" with reference to collective bargaining may be held in private, such private discussions cannot be extended to cover nonexempt topics such as an "attitude" or "stance" with reference to unionization, etc. A public body may not exempt an entire meeting from the scope of the Sunshine Law merely by discussing one topic during the course of that meeting which may be statutorily exempt from s. 286.011, F.S. It is a well-established rule that statutes enacted for the public's benefit must be construed liberally in favor of the public. Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1970). Being in derogation of the express public policy of the state, statutes creating exceptions to the rule favoring "openness" in government should not be given broader interpretation than is necessary to accomplish their specific purpose. Sivahtis v. Juras, 551 P.2d 421 (Ore. 1973). Accordingly, s. 447.605, F.S. (1974 Supp.), should be construed as written and should not be broadened by implication beyond the specific terms of the exemption. To decide otherwise would, in effect, allow a limited exemption afforded under s. 447.605 to supersede the statute, s. 286.011, F.S., as well as the enunciated public policy of the state. Accordingly, until legislatively or judicially determined to the contrary, I am of the view that s.447.605 is limited to actual, ongoing collective bargaining negotiations and is not applicable to policy matters such as the "stance" or "attitude" a city intends to adopt regarding unionization, prospective collective bargaining, general personnel policies, or the like. In regard to your third question, I would point out that it is the responsibility of the council to prescribe, by duly enacted ordinance, the manner of conducting official business. With this in mind, I would note that s.447.203(14), F.S. (1974 Supp.), specifically defines "collective bargaining" for purposes of Ch. 447, including s. 447.605, F.S. (1974 Supp.)