QUESTION: Would the members of the Florida Barbers' Sanitary Commission be in violation of the Sunshine Law if they prohibited the general public or anyone from attending the state barber examinations except the applicants and persons assigned by the director to assist in giving the examination?
SUMMARY: Pursuant to Florida's Government in the Sunshine Law, the Florida Barbers' Sanitary Commission may not prohibit the general public from attending the state barber examinations conducted by the commission's executive director on behalf of and in the name of the commission. Generally, the Government in the Sunshine Law, s. 286.011, F.S., is applicable to any meeting between two or more members of a covered board or commission when the members discuss any matter on which foreseeable action will be taken by the board or commission of which they are members. Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969). However, in certain circumstances this office has expressed the view that executive directors or individual members of boards or commissions could be found to be conducting the official business of their respective boards in lieu of or on behalf of the entire board and, accordingly, could be found to be subject to s.286.011. See AGO 074-84 holding the executive director of the Board of Dentistry subject to s. 286.011 while conducting investigative hearings on behalf of and in the name of the board. Also see AGO 074-294 in which s. 286.011, F.S., was said to be applicable to single members of a board or commission to whom the authority to act on behalf of the board in matters such as lease of land, etc., had been delegated, and, therefore, such member prohibited from secretly negotiating any such lease. The Florida Barbers' Sanitary Commission has the power to . . . conduct examinations of applicants for certificates of registration to practice as registered barbers, registered apprentices, and examinations to determine the educational fitness of applicants to enter a school of barbering not less than four times each year at such time and place as the commission may determine. [Section 476.09(1), F.S. Also see ss. 476.05(1)(d), 476.08(1)(d), and 476.06(1)(d), F.S.] This examination, which includes both practical demonstrations and written and oral tests, shall embrace the subjects required in s. 476.07, F.S., to be taught in schools of barbering approved by the commission. Application and payments for the examination are made by applicants to the commission. Section 476.08, F.S. The commission is empowered at s. 476.18(4), F.S., to appoint an executive director to assist the commission in . . . doing and performing all of its powers, duties and obligations as set forth in this chapter; provided, however, that all duties and responsibilities delegated to the executive director by this chapter shall be performed by the executive director under the direction and authorization of the commission. (Emphasis supplied.) The executive director has been granted the authority to be in charge of administering the examination and controlling the personnel assisting in giving the examination. Section 476.09(2), F.S. Further, the written examination is required to be made up by the commission and is to be graded by the commissioners under the supervision of the director at a regularly scheduled monthly meeting of the commission. When ss. 476.09(1) and (2) and 476.18(4), F.S., are construed together, it is apparent that the director gives and administers all phases of the examination in the name of the commission. An examination administered by the director is by law conducted on behalf of the commission. Regardless of whether a statute specifically empowers the director to act or he acts at the direction of the commission, s. 476.18 makes it clear that any power or duty exercised by the director is performed under the direction and authorization of the commission. Based on the above-cited statutes, it is clear that, although the director has been given the authority to conduct and administer examinations, it is the commission as a whole which has in fact been given the authority to conduct the examination. If the commission's powers in this regard are delegated to the director either by the commission pursuant to statutory authority or specifically by statute, then the director acts in place of the entire commission. It is axiomatic that public officials cannot do indirectly that which they are prohibited from doing directly. As stated in I.D.S. Properties v. Town of Palm Beach, 279 So.2d 353
(4 D.C.A. Fla., 1973), aff'd, 296 So.2d 473 (Fla. 1974): Those to whom public officials delegate de facto authority to act on their behalf in the formulation, preparation and promulgation of plans on which foreseeable action will be taken by such public officials stand in the shoes of such public officials insofar as application of the Government in the Sunshine Law is concerned. In the case of an examination proceeding, the director administering the examination acts on behalf of the commission. The results of the examination are required to be acted upon by the entire commission pursuant to s. 476.09(2), F.S. Since the law does not contain a "government by delegation" exception, the examination process administered by the director is subject to s. 286.011, F.S.