Nola F. White City Clerk Punta Gorda
QUESTION:
Is a selection committee, appointed by the mayor and composed of two city council members for the purpose of screening resumes of applicants for the position of city manager, subject to the `Sunshine Law'?
SUMMARY:
A selection committee, appointed by the mayor and composed of two members of the city council, for the purpose of screening resumes of applicants for the position of city manager is subject to the Government in the Sunshine Law, and its deliberations must be open to the public.
You state in your supplemental letter that the Mayor of the City of Punta Gorda `appoints a selection committee of two (2) City Councilmen, with the approval of the Council. The selection committee then screens all applications, selects whatever number they deem necessary and lists them as to their preference.' This list is submitted to the city council for approval, which may change the order in which the applicants are listed. Applicants are then interviewed by the council in the order in which they are listed. While it appears from your letter that the mayor appoints the selection committee, it is the city council which is charged with the duty and responsibility of appointing the city manager under the Punta Gorda City Charter. See Art. III, s. 14 of the city charter. See also Art. III, s. 5 of the charter, which provides that the mayor shall be selected from the members of the city council and shall serve as the presiding officer at council meetings.
Section 286.011, F. S., commonly known as the Government in the Sunshine Law, provides among other things that
 [a]ll meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. [Section 286.011(1), F. S.]
The Government in the Sunshine Law extends to discussions and deliberations as well as formal action taken by a public body; thus the law is applicable to any gathering where the members deal with some matter upon which foreseeable action will be taken. See
Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969), and Times Publishing Company v. Williams,222 So.2d 470 (2 D.C.A. Fla., 1969), in which the court stated:
 [I]t is the entire decision-making process that the legislature intended to affect by the enactment of the statute before us. . . . Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an `official act,' an indispensable requisite to `formal action,' within the meaning of the act.
The Florida Supreme Court has held that an ad hoc advisory committee whose powers were limited to making recommendations to a public agency and which possessed no authority to bind said agency was subject to the Sunshine Law. See Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974). Thus an advisory board appointed by a governmental agency and deliberating on matters upon which foreseeable action might be taken must meet in public.See also IDS Properties, Inc. v. Town of Palm Beach,279 So.2d 353 (4 D.C.A. Fla., 1973), in which the court held that there is no `government by delegation' exception to the Sunshine Law; thus public agencies may not conduct the public's business in secret through the use of an `alter ego.' Recently, in Krause v. Reno,366 So.2d 1244 (3 D.C.A. Fla., 1979), the Third District Court of Appeal held that an advisory group, appointed by a city manager to assist him in screening applications and to make recommendations for the position of police chief, although the city manager was not bound by such recommendations, was an integral part of the decisionmaking process and subject to the Sunshine Law.
In the instant inquiry, the selection committee screens all applications and `selects whatever number they deem necessary and lists them according to their preference.' Applicants are interviewed in the order in which they are listed although the city council may change the order in which such applicants are listed. Based upon the foregoing judicial decisions, it appears clear that the selection committee is serving in an advisory capacity to the city council which is charged with the responsibility of appointing a city manager and is an integral part of the decisionmaking process. Cf. Krause v. Reno, supra, in which the court stated that `[i]t is beyond a doubt that [s.286.011, F. S.], is to be liberally construed in favor of open government'; Board of Public Instruction v. Doran, 224 So.2d 693,699 (Fla. 1969) (`statutes enacted for the public benefit should be interpreted most favorably to the public'); and City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971).
Prepared by: Joslyn Wilson, Assistant Attorney General