BARKDULL, Judge.
Southern Wine and Spirits, Inc., a distributor [as defined in Section 561.14(2), Florida Statutes (1979)] of an alcoholic product known as Bailey’s Irish Cream, had its supply of this beverage cut off. It subsequently brought a suit contending that, as a distributor of this product, it was entitled *959 to a mandatory injunction requiring The Paddington Corporation as the then manufacturer or representative [as defined in Section 561.14(1), Florida Statutes (1979)] to continue supplying Southern with Bailey’s Irish Cream because no proceedings had been had pursuant to Section 565.095(5), Florida Statutes (1979) to withdraw this registered brand from Southern.
The complaint alleged that Southern became the distributor of this brand in the fall of 1979 and that the withdrawal occurred in the summer of 1980.[1] The trial court issued a temporary mandatory injunction requiring Paddington, as the manufacturer or representative in Florida for the distribution of the product, to distribute to Southern pending a final hearing. A motion to dismiss was argued, denied and the order continued the temporary mandatory injunction. This interlocutory appeal ensued. We affirm.
The complaint stated a cause of action; Southern had a right to preserve its status quo as a distributor of Bailey’s Irish Cream pending a withdrawal of distribution pursuant to the statute. Everybody concedes that it is up to the Division of Alcoholic Beverages and Tobacco, State Department of Business Regulation to conduct a hearing under the statute to determine whether or not the distribution of the product may be withdrawn; this is a question which initially must be decided by the administrative agency and is then subject to administrative review.
The appellant principally argues that a private individual may not seek redress under the statute, but only the Department. We find this argument without merit for a number of reasons: (1) The product is unique. Wilson v. Sandstrom, 317 So.2d 732 (Fla.1975). (2) It is an essential part of the plaintiff’s business. Wilson v. Sandstrom, supra. (3) The mere fact that the Agency is charged with the enforcement of the statutes does not prevent a private right of action. Compare, Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla.1969); Choctawhatchee Electric Cooperative, Inc. v. Gulf Power Company, 265 So.2d 417 (Fla. 1st DCA 1972); Ray Baillie Trash Hauling, Inc. v. Kleppe, 477 F.2d 696 (5th Cir. 1973); Wolfson v. Baker, 444 F.Supp. 1124 (M.D.Fla.1978).
Therefore, for the reasons above stated, the order denying the motion to dismiss be and the same is affirmed. The stay heretofore entered in this cause be and the same is hereby vacated and set aside.
Affirmed.

. The opinion in Park Benziger & Co., Inc. v. Southern Wine & Spirits, Inc., 391 So.2d 681 (Fla. 1980) recognized that the statute would be applicable.