Richard L. Galeta, D.D.S. Councilman Lake Clarke Shores 8315 Pinetree Lane Lake Clarke Shores, Florida 33406
Dear Dr. Galeta:
You ask for my opinion on substantially the following question:
 Are a husband and wife prohibited from serving on the same town council at the same time if both are duly elected?
In sum, I am of the opinion that:
 The Florida Antinepotism Law, s. 116.111, F.S., does not prohibit a husband and wife from simultaneously serving on the same town council. Nor would such appointment, in and of itself, violate the Government in the Sunshine Law, s. 286.011, F.S.
Your letter does not specify to what provisions of state law your inquiry is directed. Accordingly, my comments must be general in nature. No comment is expressed regarding any restriction imposed by the town charter or code, nor is any comment expressed regarding the interpretation of Part III, Ch. 112, F.S., the Code of Ethics for Public Officers and Employees. Any question relating to the interpretation of Part III, Ch. 112, F.S., must be referred to the Florida Commission on Ethics.
The Florida Antinepotism Law, s. 116.111, F.S., operates to prohibit the appointment, employment, promotion or advancement, or advocation of the same, by a public official of a relative of the official to a position in the agency in which the official serves or exercises jurisdiction or control.[1]
This office has previously concluded that town council members are public officials within the meaning of s. 116.111, F.S.[2]
Moreover, s. 116.111, F.S., in defining "relative" specifically includes husband and wife.[3]
Section 116.111, F.S., however, does not prevent relatives from working together. It only prohibits the related public official who has the authority to appoint, employ, promote, advance or recommend the same, from using that authority for his or her own relatives.
Thus, for example, this office concluded in AGO 74-255 that s. 116.111, F.S., does not prevent a state agency from employing a husband and wife "team" so long as the person hiring the couple is related to neither of them. This office further stated that the agency could establish whatever working relationship it deemed fit between such couples provided that it did not allow one spouse to promote or advance the other or to advocate such promotion or advancement.[4]
According to your letter, neither the husband and wife possess the authority to appoint or employ the other; such an appointment is made by the electorate. Absent the authority to advance or promote the other, or recommend the same, there does not appear to be a violation of s. 116.111, F.S.
In addition, there would not appear to be a per se violation of the Government in the Sunshine Law by the election of a husband and wife to the town council. Florida's Government in the Sunshine Law, s. 286.011, F.S., opens to the public all meetings between two or more members of any board or commission of the state or its subdivisions when public business is being discussed.[5] As members of a public board subject to the Sunshine Law,[6]
discussions between the husband and wife relating to council business would be subject to the requirements of s. 286.011, F.S. However, while the husband and wife would be precluded from discussing council business without complying with s. 286.011, F.S., the Government in the Sunshine does not prohibit the election of a husband and wife to a board or commission subject to its terms.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 116.111(2)(a), F.S., provides: A public official may not appoint, employ, promote, or advance, or advocate for appointment, employment, promotion, or advancement, in or to a position in the agency in which he is serving or over which he exercises jurisdiction or control any individual who is a relative of the public official. An individual may not be appointed, employed, promoted, or advanced in or to a position in an agency if such appointment, employment, promotion, or advancement has been advocated by a public official, serving in or exercising jurisdiction or control over the agency, who is a relative of the individual.
[2] Attorney General Opinion 80-70. See, s. 116.111(1)(b), F.S., defining "public official" to mean an officer or employee "of an agency in whom is vested the authority by law, rule, or regulation, or to whom the authority has been delegated, to appoint, employ, promote, or advance individualsor to recommend individuals for appointment, employment, promotion, or advancement in connection with employment in an agency."
[3] See, s. 116.111(1)(c), F.S.
[4] And see, AGO 85-91 concluding that s. 116.111, F.S., does not preclude the city commission from employing the husband of a member of the Code Enforcement Board as the attorney for that board, and authorities cited therein.
[5] See, Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969), concluding that the Sunshine Law is applicable to any gathering of two or more members of a public board or commission where the members deal with some matter on which foreseeable action will be taken by that public board or commission.
[6] See, s. 286.011(1), F.S., stating that all meetings of any board or commission of any state agency or authority or of any agency of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times.