Mr. Warren R. Ross Acting County Attorney Charlotte County 18500 Murdock Circle Port Charlotte, Florida 33948-1094
Dear Mr. Ross:
You ask substantially the following question:
 Does the Government in the Sunshine Law apply to meetings of the board of county commissioners when:
 a) interviewing prospective job applicants for positions appointed by the board;
 b) conducting job evaluations of county employees who answer to, and serve at the pleasure of, the board;
 c) conducting employment termination interviews of employees who serve at the pleasure of the board; or
 d) discussing memoranda prepared by county employees answering directly to the board.
In sum, I am of the opinion that:
 The Government in the Sunshine Law applies to meetings of the board of county commissioners when:
 a) interviewing applicants for county positions appointed by the board;
 b) conducting job evaluations of county employees who answer to, and serve at the pleasure of, the board;
 c) conducting employment termination interviews of county employees who serve at the pleasure of the board; and
 d) discussing memoranda prepared by staff relating to board business.
The Government in the Sunshine Law, s. 286.011, F.S., requires that all meetings of a public board or commission at which official acts are taken be open to the public.[1] The statute has been held to extend to the discussions and deliberations of, as well as formal action taken by, a public board or commission.[2]
Thus, the Sunshine Law applies to any gathering where two or more members of a public board or commission deal with some matter on which foreseeable action will be taken by that board or commission.[3]
The discussion of personnel matters by a public board or commission does not, in the absence of a specific exemption, remove the meeting from the ambit of s. 286.011, F.S. As the court in Times Publishing Company v. Williams[4] recognized, personnel matters are not legally privileged or insulated from legislative control. In response to arguments that the public interest would best be served when matters relating to the hiring of personnel was accomplished in a closed meeting, the court stated:
 Regardless of the wisdom of its position and regardless of good motive on its part, the power or discretion to decide questions of closed meetings for such purposes is no longer the [public agency's] to exercise. . . . [A]ppellee, no less than any other governmental body, is an agency of the public-at-large, and possesses just so much delegated authority and privileges as the public (in this case through the constitutional vehicle of legislation) chooses to give it. The public has chosen to deny any privilege or discretion in appellee and similar governmental bodies to conduct closed meetings.[5]
You ask, however, whether meetings of the board of county commissioners to discuss personnel matters constitute fact-finding meetings within the meaning of Bennett v. Warden[6] and Cape Publications, Inc. v. City of Palm Bay.[7]
In Bennett, the court held that meetings between a junior college president and advisors for the purpose of fact-finding to assist the president in the execution of his duties were not meetings under the Government in the Sunshine Law. Similarly, in Cape Publications, the court held that meetings between a city manager, prospective employees and an advisory committee that did not have any decision-making functions, were not "meetings" subject to s.286.011, F.S.
The advisory committee in Cape Publications attended the meeting only to ask technical questions and offer comments. The committee, however, "did no screening, conducted no interviews and made no recommendations to the city manager"[8] who was responsible for interviewing and selecting an applicant. Therefore, since the committee "had the sole function of assisting [the city manager] with `fact-finding,' . . . and because the committee had no decision-making function such as authority to screen, interview or recommend applicants to the city manager, the group was not a `board' within the contemplation of the Sunshine Law and its meetings were not required to be open to the public."[9]
In each of the above cases, it was the responsibility of the executive, the junior college president or city manager, to take action. The advisory committees were established only to assist the executive in fact-finding and not to exercise any decision-making functions.
In the instant inquiry, however, it appears that the meetings in question concerned matters on which the board of county commissioners is responsible for taking action. You state that the positions for which the county commission is interviewing applicants, evaluating job performance, and conducting termination interviews, are positions which are responsible to and serve at the pleasure of the county commission. In conducting such meetings, therefore, the board of county commissioners is carrying out the affairs and duties of the county commission and is not acting as an advisory body assisting the executive solely with fact-finding. Thus, the decisions of Bennett and Cape Publications, would appear to be inapplicable.
As previously stated, the Government in the Sunshine Law is applicable to meetings of public boards or commissions, such as the board of county commissioners in carrying out the affairs and duties of the board. Accordingly, to the extent that the board of county commissioners is responsible for interviewing prospective applicants for county employment, conducting job evaluations or employment termination interviews, or discussing memoranda prepared by staff on issues which normally come, or should come, before the board for action or discussion, such meetings of the board are subject to the provisions of the Government in the Sunshine Law.[10]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 286.011(1), F.S., stating that "[a]ll meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times. . . ."
[2] See, Times Publishing Company v. Williams, 222 So.2d 470, 473
(2 D.C.A.Fla., 1969) (entire decision-making process affected by the Sunshine Law).
[3] Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969).
[4] 222 So.2d 470 (2 D.C.A.Fla., 1969).
[5] 222 So.2d at 474.
[6] 333 So.2d 97 (2D.C.A.Fla., 1976).
[7] 473 So.2d 222 (5 D.C.A.Fla., 1985).
[8] 473 So.2d at 225.
[9] Id.
[10] Compare, City of Sunrise v. News and Sun-Sentinel Company, 14 FLW 1026 (4 D.C.A.Fla., filed April 26, 1989), holding that a mayor could hold a private meeting concerning the discipline of a city employee. Finding that the mayor had sole authority over the discipline over city personnel under the charter and the city commission had no jurisdiction, either directly or by review, over such personnel matters, the court held that such meetings of the mayor are not subject to s. 286.011, F.S.: "This is not a situation where the [city] commission has such authority and has designated someone else to exercise the authority." 14 FLW at 1027.