Mr. George Barford Attorney for the Hillsborough Area Regional Transit Authority Post Office Box 3239 Tampa, Florida 33601
Dear Mr. Barford:
You ask on behalf of the Hillsborough Area Regional Transit Authority (authority) substantially the following question:
May a proposed contract be circulated among the members of the governing board of the authority for each member to make comments which are provided to the other board members without violating the Government in the Sunshine Law, if such comments are available to the press and public and the contract will be discussed subsequently at a public meeting?
In sum, I am of the following opinion:
A proposed contract may not be circulated among board members for comments to be provided to other members, as this would be communication among the members on an issue upon which the board will take official action subject to the Government in the Sunshine Law.
Florida's Government in the Sunshine Law, section 286.011, Florida Statutes, states:
"All meetings of any board or commission . . . of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting."
It has been judicially determined that the Legislature intended to extend application of the Sunshine Law to "every `board or commission' of the state, or of any county or political subdivision over which it has dominion and control."[1] As an intergovernmental agency, therefore, the authority appears to be subject to the provisions of section 286.011, Florida Statutes.
The Sunshine Law extends to discussions and deliberations, as well as formal action taken by a board or commission. It is applicable to any gathering where the members deal with some matter upon which foreseeable action will be taken.[2] Thus, any discussions or deliberations on matters upon which foreseeable action will be taken would have to be open to the public. In analyzing the applicability of the Sunshine Law, The Supreme Court of Florida has stated that the statute must be construed "so as to frustrate all evasive devices."[3] Accordingly, the law has been applied such that the presence of two or more members of a board or commission is not necessary.[4]
This office previously has advised that use of a memorandum by a board or commission to avoid a public meeting may constitute a violation of the Sunshine Law even though two members are not physically present. If a memorandum reflecting the views of a board member on an issue pending before the board is circulated among other board members with each indicating approval or disapproval and upon completion of the signatures the memorandum has the effect of becoming the official action of the board, there is a violation of the Sunshine Law.[5]
In the instant situation, the board members' comments on the proposed contract may not constitute final action by the authority's governing board, but such comments do constitute communication among the members on an issue which will come before the board for final action. Such communication would be an integral part of the decision-making process in which the public has the right to participate.[6]
Although The Supreme Court of Florida has stated that the public has no absolute right to participate in or interfere with the decision-making process of an advisory board exercising an executive function, it stressed the compelling consideration which must be given to Florida's commitment to open government at all levels.[7] This office, likewise, has acknowledged the importance of citizen input during public meetings and suggests that such input be available at all stages of the decision-making process.[8]
In Attorney General Opinion 89-23, this office considered whether the use of a written report by one city commissioner to inform other commissioners of a subject to be discussed at the next public meeting violated the Sunshine Law. In that case, however, there was no interaction among the commissioners prior to the public meeting at which the information would be discussed and the original report was kept on file by the city manager and made available for public inspection. It was concluded that the use of such a report to provide information to the commission on a particular subject, with no response from or interaction among the commissioners allowed prior to a public meeting on the report's subject, would not violate section 286.011, Florida Statutes.
Similarly, the authority may provide copies of the proposed contracts to board members in order to inform them and to allow them to review such proposals prior to the public meeting at which formal action will be taken.[9] The board members, however, may not respond to the authority or interact with each other prior to the meeting, as this would constitute communication subject to the Sunshine Law.
Accordingly, it is my opinion that prior to a public meeting at which a proposed contract will be discussed, the authority may provide copies of the proposal to board members for their information and review, as long as there is no interaction among the members regarding the proposal prior to the public meeting. However, to the extent the members interact by commenting prior to the public meeting at which a proposed contract will be discussed, such interaction is subject to section 286.011, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Times Publishing Company v. Williams, 222 So.2d 470, 473
(Fla. 2d DCA 1969).
[2] Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969).
[3] Town of Palm Beach v. Gradison, 296 So.2d 473, 477 (Fla. 1974).
[4] See, e.g., Op. Att'y Gen. Fla. 84-54 (1984) (meeting between representatives of a private organization and city commissioner appointed to act on the commission's behalf is subject to s.286.011, Fla. Stat.) and Op. Att'y Gen. Fla. 74-47 (1974) (city manager who acts as liaison between board members or acts in place of board members at their direction is subject to s. 286.011, Fla. Stat.).
[5] Informal Opinion to Mr. John Blair, June 29, 1973.
[6] See, Doran at 699, supra.
[7] See, Wood v. Marston, 442 So.2d 934, 941 (Fla. 1983).
[8] Informal Opinion to David G. Conn, May 7, 1987.
[9] See, Op. Att'y Gen. Fla. 74-294 (1974) (airport authority may circulate drafts of proposals of actions to be taken by the authority so that its members have an opportunity to study the proposals prior to the public meeting at which official action will be taken).