Mr. Jack Locklin, Jr. Attorney for Pace Property Finance Authority, Inc. Post Office Box 605 Milton, Florida 32572
Dear Mr. Locklin:
On behalf of the Pace Property Finance Authority, Inc., you ask the following questions:
1) Is the Pace Property Finance Authority, Inc., subject to the Public Records Law?
2) Are the Pace Property Finance Authority, Inc., and its board of directors subject to the Government in the Sunshine Law?
In sum:
1) The Pace Property Finance Authority, Inc., created by Santa Rosa County as an instrumentality of the county to provide assistance in the funding and administration of certain governmental programs, is subject to the Public Records Law.
2) As an authority created by the county and subject to its control, the Pace Property Finance Authority, Inc., and its board of directors are subject to the Government in the Sunshine Law.
This office has been advised that Santa Rosa County has joined in your request for an opinion.
According to your letter, the Pace Property Finance Authority, Inc. (Authority) was created as a Florida nonprofit corporation pursuant to chapter 617, Florida Statutes, to act as an instrumentality on behalf of Santa Rosa County and for its benefit in financing and administering certain governmental programs. The county specifically authorized the creation of the Authority, approved its articles of incorporation, appointed the initial members of the board of directors of the authority and reserved the right to remove and replace directors of the authority at any time for cause.
Although you state that the Authority has acted independently of the county, you note that Santa Rosa County has expressly reserved the right, in its sole discretion, to control the Authority's structure and organization, as well as to terminate and dissolve the Authority. The county is not obligated to repay any of the funds borrowed by the Authority and has not provided any funds for the operation of the Authority. However, once the Authority's purpose has been achieved, the county has the power to dissolve the Authority, and title to the Authority's funds and property shall be transferred to the county. In addition, the county has the exclusive authority to amend the Authority's articles of incorporation and to approve any changes to its bylaws.
Question One
Chapter 119, Florida Statutes, provides that records made or received by an agency in connection with the transaction of its official business are open for inspection in the absence of a statute making the record exempt or confidential.[1] "Agency" is defined in section 119.011(2), Florida Statutes, to expressly include any public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency.
In News and Sun-Sentinel Company v. Schwab, Twitty Hanser Architectural Group, Inc.,[2] The Supreme Court of Florida adopted the totality of factors test, which had been utilized by several district courts in determining whether a private entity was subject to chapter 119, Florida Statutes. The Schwab Court set forth a list of factors to be considered in making such a determination:
1) Creation — did the public agency play a part in the creation of the private entity?
2) Funding — has the public agency provided substantial funds, capital or credit to the private entity or is it merely providing funds in consideration for goods or services rendered by the public entity?
3) Regulation — does the public agency regulate or otherwise control the private entity's professional activity or judgment?
4) Decision-making process — does the private entity play an integral part in the public agency's decisionmaking process?
5) Governmental function — is the private entity exercising a governmental function?
6) Goals — is the goal of the private entity to help the public agency and the citizens served by the agency?
Among the district court decisions relied on by the Schwab Court was that of the Second District Court of Appeal in Sarasota Herald Tribune Company v. Community Health Corporation, Inc.,[3] in which the court held that a nonprofit corporation created and funded by the public hospital district to operate as a side by side corporation to enhance the services provided by the public hospital was subject to the provisions of chapter 119, Florida Statutes.
There is no single factor that is controlling on the question of whether the entity is subject to the Public Records Law; rather the factors must be viewed together in order to determine whether a private organization is an agency for purposes of chapter 119, Florida Statutes. This office, applying the totality test set forth above, concluded that the Tampa Bay Performing Arts Center, Inc., was subject to the requirements of chapter 119, Florida Statutes.[4] It was noted that the center, which was governed by a board of trustees composed of city and county officials or appointees of the mayor, was created as a not-for-profit corporation to provide for the cultural and educational enhancement of the general public.
Shortly thereafter, this office in Attorney General Opinion 92-53 stated that the John and Mable Ringling Museum of Art Foundation, Inc., a not-for-profit organization, was subject to chapter 119, Florida Statutes. The foundation was created for the purpose of enhancing the public museum and operated for the benefit of the museum and its programs. The foundation's budget was subject to approval by the museum, and its property would revert to the museum if the foundation were dissolved or no longer approved by the museum. In addition, the foundation's board of directors was named by the museum's board of trustees.
In the instant inquiry, the Authority was created by the county to act as an instrumentality on behalf of the county in financing and administering certain governmental programs. The county retains considerable control over the Authority, reserving the right to control the structure and organization of the Authority, including the right to approve the termination of the Authority. Upon dissolution of the Authority, title to all the funds and property owned by the Authority shall be transferred to the county.
In light of the above and applying the "totality of factors" analysis espoused by The Supreme Court of Florida, I am of the opinion that the Pace Property Finance Authority, Inc., is an "agency" for purposes of chapter 119, Florida Statutes.
Question Two
Section 286.011, Florida Statutes, the Government in the Sunshine Law, provides in pertinent part:
All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times. . . .
In determining which entities may be covered by the Sunshine Law, the courts have stated that it was the Legislature's intent to extend application of the law so as to bind "every `board or commission' of the state, or of any county or political subdivision over which it has dominion and control."[5] In addition, when interpreting the Sunshine Law, the law should be liberally construed to give effect to its public purpose.[6]
This office in Attorney General Opinion 92-80 concluded that the board of directors of a legislatively created nonprofit corporation, Enterprise Florida, Inc., was subject to the requirements of section 286.011, Florida Statutes. Membership on the board was statutorily prescribed and was composed of both governmental and private entities, and the powers and duties of the corporation were prescribed by statute.
In the instant inquiry, the county created the Authority, prescribed the duties of the Authority, and appointed its initial board of directors. The county retains the authority to control the structure and organization of the Authority, including, among other things, the power to remove and replace directors,
amend the articles of incorporation, and approve any changes in the by-laws. Clearly, the Authority and its board of directors are subject to the dominion and control of the county. Accordingly, I am of the opinion that the Pace Property Finance Authority, Inc., is subject to and must comply with the requirements of section286.011, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 119.011(1), Fla. Stat. (1993), defining "Public record," and Shevin v. Byron, Harless, Schaffer, Reid And Associates, Inc., 379 So.2d 633 (Fla. 1980).
[2] 596 So.2d 1029 (Fla. 1992).
[3] 582 So.2d 730 (Fla. 2d DCA 1991).
[4] Attorney General Opinion 92-37.
[5] See, e.g., Times Publishing Company v. Williams,222 So.2d 470, 473 (Fla. 2 DCA 1969); City of Miami Beach v. Berns,245 So.2d 38 (Fla. 1971).
[6] See, Board of Public Instruction Of Broward County v. Doran,224 So.2d 693 (Fla. 1969); Wood v. Marston, 442 So.2d 934 (Fla. 1983) (statute should be broadly construed to effect its remedial and protective purposes).