Mr. Michael H. Olenick General Counsel Florida Department of Education 325 West Gaines Street Tallahassee, Florida 32399-0400
Dear Mr. Olenick:
You ask substantially the following question:
Is the Astronauts Memorial Foundation, a nonprofit corporation, subject to the Government in the Sunshine Law?
In sum:
The Astronauts Memorial Foundation, a nonprofit corporation, is subject to the Government in the Sunshine Law when performing those duties funded under the General Appropriations Act.
The Astronauts Memorial Foundation is a 501(c)(3) corporation. It was incorporated in 1986 for the purposes of constructing an astronauts memorial at the Kennedy Space Center and creating an educational foundation to support students in schools, colleges, and universities in their pursuit of careers in teaching, engineering, and science.[1]
The foundation receives substantial funding from the state from the sale of Challenger license plates.[2] Section 320.08058(2), Florida Statutes, provides for the sale of a Challenger motor vehicle license plate to commemorate the seven astronauts who died when the space shuttle Challenger exploded during liftoff in 1986. These funds are collected by the Department of Highway Safety and Motor Vehicles and distributed through the Department of Education.
Pursuant to section 320.08058(2)(b)1., Florida Statutes,
a. Fifty percent of the Challenger license plate annual use fee must be deposited into the Center for Space Education Trust Fund within the Department of Education. These funds must be used solely for the design, construction, maintenance, and support of the operations of the Center for Space Education and the Education Technology Institute operated by the Astronauts Memorial Foundation, Inc. These operations must include preservice and inservice training in the use of technology for the state's instructional personnel in a manner consistent with state training programs. Up to 20 percent of funds received by the Center for Space Education from the Center for Space Education Trust Fund may be expended for administrative costs directly associated with the operation of the center. b. Upon approval of the Department of Education, funds must be transferred from the Center for Space Education Trust Fund to the Astronauts Memorial Foundation, Inc., solely to design, construct, maintain, and support the operations of the Center for Space Education and the Education Technology Institute. A request for the transfer of funds must include information relating to specific plans for disbursing the funds. Before expending funds from their account, the Astronauts Memorial Foundation, Inc., must request approval from the Department of Education, as if the funds were in the Department of Education's trust fund.[3]
The Department of Education has informed the foundation that it has been "approved to receive a project award to provide assistance with operations of the Center for Space Education and to provide preservice and inservice training programs in technology for the state's instructional personnel."[4] Among other duties, the foundation is responsible for developing an action plan in collaboration with an advisory group including representatives from, among others, Florida school districts, the Bureau of Teacher Education, Recruitment and Retention, and the Bureau of Educational Technology, to be submitted to the department for its approval. The foundation is concerned about the applicability of section 286.011, Florida Statutes, to the foundation's activities in carrying out its functions.
Florida's Government in the Sunshine Law provides that all meetings of a board or commission of "any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times. . . ." In determining which entities may be covered by the Sunshine Law, the courts have stated that it was the Legislature's intent to extend application of the law so as to bind every board or commission of the state, or of any county or political subdivision over which it has dominion and control.[5]
The courts and this office, however, have recognized that private organizations that are not state or local government agencies or subject to the control of the Legislature and that do not serve in an advisory capacity to such agencies are not generally subject to section 286.011, Florida Statutes.[6] Moreover, the mere receipt of public funds by a private corporation is not sufficient, in and of itself, to bring an organization within the ambit of the Sunshine Law.[7] Similarly, a private corporation performing services for a public agency and receiving compensation for such services pursuant to a contract or otherwise is not, by virtue of that relationship alone, necessarily subject to section286.011.[8]
In determining whether a private organization is subject to the Sunshine Law, this office has generally reviewed all the factors relating to the relationship between the private entity and the public agency.[9] Based upon such a review, this office in Attorney General Opinion 83-95 concluded that where a county accepted the technical services of a nongovernmental advisory committee appointed by a private nonprofit organization in the recodification and amendment of the county's zoning laws, the meetings of such a committee were subject to the Sunshine Law. While this office recognized that private organizations are not generally subject to section 286.011, Florida Statutes, the committee had impliedly been delegated the authority to act on behalf of the county in the examination and revision of the zoning code.
Similarly, Attorney General Opinion 94-32 concluded that the Florida Windstorm Underwriting Association, which was created under a plan adopted by rule of the Department of Insurance and carried out a governmental function through a board supervised by the department, was subject to the Sunshine Law.
The Astronauts Memorial Foundation, Inc., was not created by a public agency nor are its directors appointed by any public agency. The foundation, however, receives substantial state funding for operation of the Space Education and Educational Technology Institute. Moreover, before expending such funds the foundation must first request approval from the Department of Education as if the funds were in the Department of Education's trust fund. Its plan of action to be developed in collaboration with various public educators is subject to department approval.
Although the department contracts with the foundation for the provision of the services, the Legislature has specifically designated the foundation as the entity to carry out such services. Since the General Appropriations Act specifically appropriates funds to the foundation, the records of the foundation in carrying out such functions are subject to disclosure.[10]
As a statute enacted for the public benefit, the Sunshine Law is to be liberally construed in order to give effect to its public purpose.[11] In light of the above and until legislatively or judicially determined otherwise, I am of the opinion that the foundation in conducting its activities funded by state moneys under the General Appropriations Act is subject to the Government in the Sunshine Law.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Art. III, Articles of Incorporation.
[2] See, Item 69C of the General Appropriations Act, 1995-1996, Ch. 95-429, Laws of Florida, appropriating $750,000 from the Center for Space Education Trust Fund to the center.
[3] Section 320.08058(2)(b)1., Fla. Stat. (1995), is repealed July 1, 1997. After that date, the funds distributed pursuant to subparagraph 1. are to be distributed to the Challenger Astronauts Memorial Undergraduate Scholarship Trust Fund created in s. 240.408, Fla. Stat. (1995). See, s. 320.08058(2)(b)2., Fla. Stat. (1995).
[4] See, letter from the Honorable Frank T. Brogan, Commissioner of Education, to Mr. James R. DeSantis, President of the Astronauts Memorial Foundation, dated October 12, 1995.
[5] See, e.g., Times Publishing Company v. Williams,222 So.2d 470, 473 (Fla. 2d DCA 1969); City of Miami v. Berns, 245 So.2d 38
(Fla. 1971).
[6] See, e.g., Op. Att'y Gen. Fla. 83-1 (1983).
[7] See, e.g., Op. Att'y Gen. Fla. 74-22 (1974). And see, Op. Att'y Gen. Fla. 80-45 (1980), stating that the receipt of Medicare, Medicaid, government grants and loans, or similar funds by a private nonprofit hospital did not subject the hospital to the Sunshine Law.
[8] See, McCoy Restaurants, Inc. v. City of Orlando,392 So.2d 252 (Fla. 1980), stating that the airlines were not by virtue of their lease with the aviation authority subject to the Sunshine Law. And see, Op. Att'y Gen. Fla. 78-24 (1978) (meetings of nonprofit hospital corporation not subject to s. 286.011 by virtue of lease agreement between private corporation and public agency).
[9] See, e.g., Ops. Att'y Gen. Fla. 94-32 (1994) and 92-53 (1992).
[10] See, s. 216.2815, Fla. Stat. (1995), which provides:
Any appropriation made by the General Appropriations Act to a nongovernmental agency, corporation, or person shall be a public record, and the Auditor General may audit such appropriation. All records of the nongovernmental agency, corporation, or person with respect to the receipt and expenditure of such an appropriation shall be public records and shall be treated in the same manner as other public records are under general law. The Auditor General may subpoena any person or record when necessary in auditing an appropriation pursuant to this section.
[11] See, e.g., Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969); Town of Palm Beach v. Gradison,296 So.2d 473 (Fla. 1974).