Mr. Robert W. Federspiel Delray Beach Community Redevelopment Agency Attorney 501 East Atlantic Avenue Delray Beach, Florida 33483
Dear Mr. Federspiel:
You ask substantially the following question:
Is a not-for-profit corporation created by a public agency to assist in the agency's redevelopment plan and whose board includes the public agency's board members subject to the Government in the Sunshine Law?
In sum:
A not-for-profit corporation created by a public agency to assist in the agency's redevelopment plan is subject to the Government in the Sunshine Law.
You state that the Delray Beach Community Redevelopment Agency (agency) was created as a body politic pursuant to Part III, Chapter 163, Florida Statutes. According to your letter, the agency has sponsored the formation of the West Atlantic Redevelopment Coalition (coalition), a Florida not-for-profit corporation, for the purpose of assisting the agency in the implementation of the agency's West Atlantic Avenue Redevelopment Plan.[1]
The coalition's Articles of Incorporation provide that agency members are automatically members of the coalition although membership is open to all individual property or business owners, their employees or agents, or any other agency taxpayers within the boundaries of the redevelopment project.[2] You state that two agency members have been elected to serve on the board of directors of the coalition.
Section 286.011(1), Florida Statutes, the Government in the Sunshine Law, states:
"All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, . . . at which official acts are to be taken are declared to be public meetings open to the public at all times. . . ."[3]
The courts of this state have recognized that the provisions of this statute should be liberally construed to give effect to its public purpose.[4] In determining which entities are covered by the provisions of section 286.011, Florida Statutes, the courts have stated that it was the Legislature's intent to extend application of the law so as to bind "every `board or commission' of the state, or of any county or political division over which it has dominion and control."[5]
Based upon the above principles, this office, for example, has stated that a not-for-profit corporation created by a county to act as an instrumentality of the county and for its benefit in financing and administering governmental programs is subject to section 286.011, Florida Statutes.[6] Similarly, in Attorney General Opinion 92-80 this office concluded that the board of directors of a legislatively created nonprofit corporation, Enterprise Florida, Inc., was subject to the requirements of section 286.011, Florida Statutes. Membership on the board was statutorily prescribed and was composed of both governmental and private entities, and the powers and duties of the corporation were prescribed by statute. In Attorney General Opinion 92-53, this office advised that a direct-support organization created as a private nonprofit corporation for the purpose of assisting a public museum, which was authorized to use museum property, whose board of directors was the same as the museum board of trustees, and whose office was located at the museum, was subject to the requirements of the Sunshine Law.
In the instant inquiry, you state that the agency sponsored the creation of the not-for-profit corporation. The coalition was created for the purpose of assisting the agency in carrying out its redevelopment plan. Agency board members are automatically members of the coalition. Moreover, it appears that the registered office of the corporation is, at least initially, located at the same address as the community redevelopment agency. In light of the above, it is my opinion that the coalition is subject to section 286.011, Florida Statutes.
Accordingly, I am of the opinion that a not-for-profit corporation created by a public agency to assist in the agency's redevelopment plan is subject to the Government in the Sunshine Law.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] You have not asked this office's opinion on the authority of a community redevelopment agency to sponsor the creation of a not-for-profit corporation, and no opinion is expressed herein on this issue.
[2] Article IV, Articles of Incorporation, and Article Three, Bylaws of the West Atlantic Redevelopment Coalition, Inc.
[3] And see, Art. I, s. 24(b), Fla. Const., establishing a constitutional right of access to meetings of public agencies.
[4] See, e.g., Board of Public Instruction of Broward County v.Doran, 224 So.2d 693 (Fla. 1969); Wood v. Marston, 442 So.2d 934
(Fla. 1983) (statute should be construed to effect its remedial and protective purposes).
[5] Times Publishing Company v. Williams, 222 So.2d 470, 473
(Fla. 2d DCA 1969), disapproved in part on other grounds, Neu v.Miami Herald Publishing Company, 462 So.2d 821 (Fla. 1985).
[6] Attorney General Opinion 94-34 (1994).