Mr. Jorge L. Fernandez Sarasota County Attorney 1549 Ringling Boulevard Third Floor Sarasota, Florida 34236
Dear Mr. Fernandez:
On behalf of the Sarasota County Board of County Commissioners, you ask substantially the following question:
Does the Government in the Sunshine Law apply to a forum sponsored by a private civic club at which two or more members of the board of county commissioners will serve as panelists and answer questions regarding public issues, some of which may foreseeably come before the board in the future for decision making?
In sum:
The Government in the Sunshine Law does not apply to a political forum sponsored by a private civic club during which county commissioners express their position on matters that may foreseeably come before the commission, so long as commissioners avoid discussions among themselves on these issues.
According to your letter, a monthly forum is sponsored by a private civic club in Sarasota County and members of the board of county commissioners are frequently invited to serve as panelists. The forum takes place during a luncheon held at a local restaurant. Registration, including the price of lunch, is $12.00 for members of the club and $17.00 for nonmembers. There is no charge to members of the public who attend but do not order lunch. The restaurant makes space available for nonpaying members of the public, but only those persons who pay the registration fee may question the panelists and provide comment. Notice of the event is made by the civic club in a newspaper article announcing the date, time, place, topic, names of the panelists and the price of registration. The county provides no official notice of the event and the newspaper article does not state that non-paying members of the public may also attend. The county commission provides no official notice of the event. County commissioners have expressed concern that their participation at such meetings may violate the provisions of the Government in the Sunshine Law.
The Government in the Sunshine Law, section 286.011, Florida Statutes (1993), has been interpreted by the courts to apply to any gathering between two or more members of a board or commission to discuss some matter on which foreseeable action may be taken by the board or commission.[1] However, this office has stated that the expression by an incumbent council member at a meeting such as a political forum of his or her position on a matter that may foreseeably come before the council would not necessarily subject the meeting to the Sunshine Law.[2] This conclusion was based on Attorney General's Opinion 89-23 (1989), which held that it was not a violation of the Sunshine Law for one commissioner to send a report to another commissioner for informational purposes, so long as there was no interaction between the commissioners. Similarly, this office has concluded that the Sunshine Law is not violated by a board member expressing his or her views or voting intent on an upcoming matter to a news reporter who the member knows will publish the account in a local newspaper prior to the meeting, so long as the member is not using the reporter as an intermediary to communicate with other members to circumvent or evade the requirements of the Sunshine Law.[3]
In the most recent opinion of this office regarding political forums, it was concluded that as long as council members avoided discussions among themselves of issues that might come before the council, a candidate's night or political forum would not be subject to the Sunshine Law.[4] That opinion concluded that the expression of a commission member's political philosophy or position or the discussion of trends and issues facing the local governmental entity at a political forum attended by another member of the commission could be compared to the circumstances in Attorney General's Opinion 89-23 (1989).
You have characterized the participation of the county commission members as answering questions. Based on the analysis above, if the council members avoid discussion among themselves of issues that may come before the council, the forum would not be subject to the Sunshine Law. However, as the Supreme Court of Florida has stated, the Sunshine Law is to be construed "so as to frustrate all evasive devices"[5] and caution should be exercised to avoid situations in which private political forums may be used to circumvent the statute's requirements.
In the event that it is not possible for the commissioners to avoid discussion of these issues among themselves, the requirements of section 286.011, Florida Statutes (1993), must be met. Public access to meetings of public boards or commissions is the key element of the Sunshine Law and public agencies are advised to avoid holding meetings in places not easily accessible and normally open to the public.[6]
The use of luncheon meetings to conduct board or commission business has been specifically discouraged.[7] This office has suggested that the choice of a restaurant as a meeting place may have a "chilling" effect on the public's willingness or desire to attend because those who might otherwise attend such a meeting may be unwilling or reluctant to enter a public dining room without purchasing a meal and may be financially or personally unwilling to do so.[8]
The courts have recognized the importance of public participation in open meetings. The Florida Supreme Court has stated that "specified boards and commissions . . . should not be allowed to deprive the public of this inalienable right to be present and to be heard at all deliberations wherein decisions affecting the public are being made."[9]
However, the Supreme Court of Florida has indicated that during certain types of executive meetings, there may not be a right under section 286.011, Florida Statutes (1993), for a member of the public to participate. In Wood v. Marston,[10] the Court considered the applicability of the Sunshine Law to a staff committee that had been delegated the authority by the university president to recommend candidates for a university position. Reviewing the activities of a committee carrying out executive functions that were traditionally conducted without public input, the Court stated that:
This Court recognizes the necessity for the free exchange of ideas in academic forums, without fear of governmental reprisal, to foster deep thought and intellectual growth. . . . We hasten to reassure respondents that nothing in this decision gives the public the right to be more than spectators. The public has no authority to participate in or to interfere with the decision-making process. Were the chilling effect respondents apprehend balanced against any less compelling a consideration than Florida's commitment to open government at all levels, we might agree that the burdens herein imposed were unduly onerous.
In light of this case, this office has recognized that when committees are carrying out certain executive functions that traditionally have been conducted without public input, the public has the right to attend but may not have the authority to participate. However, this office has determined that if a committee or board is carrying out legislative functions, the public should be afforded a meaningful opportunity to participate at each stage of the decision-making process.[11]
With regard to the notice that must be given to the public of a meeting that is subject to the Government in the Sunshine Law, the courts have said reasonable notice of a meeting must be given.[12]
The type of notice that must be given may vary, but in each case the agency must give notice in a manner that will enable interested members of the public to attend the meeting.[13]
Although this office cannot specify the type of notice that must be given in all cases, the following guidelines have been suggested:
1. The notice should contain the time and place of the meeting and, if available, an agenda or subject matter summation; 2. The notice should be prominently displayed in the area in the agency's offices set aside for that purpose; 3. Emergency sessions should be afforded the most appropriate and effective notice under the circumstances and special meetings should have at least 24 hours reasonable notice to the public; and 4. The use of press releases and/or phone calls to the wire services and other media may be appropriate. On matters of critical public concern such as rezoning, budgeting, taxation, appointment of public officers, etc., advertising in the local newspapers of general circulation would be appropriate.[14]
The announcement of the luncheon as you have described would not appear to satisfy the notice requirements that the courts have established for meetings subject to the Sunshine Law. In the absence of any discussion among county commission members at these meetings, however, such compliance is not necessary.
In sum, so long as there is no discussion of matters that foreseeably will come before the commission, county commissioners may serve as panelists at a political forum luncheon without subjecting the meeting to the requirements of section 286.011, Florida Statutes (1993), the Government in the Sunshine Law.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, Board of Public Instruction of Broward County v. Doran,224 So.2d 693, 698 (Fla. 1969) (intent of the Sunshine Law is to "cover any gathering of the members where the members deal with some matter on which foreseeable action will be taken by the board").
[2] See, Op. Att'y Gen. Fla. 92-5 (1992); Informal Letter to
[3] See, Op. Att'y Gen. Fla. 81-42 (1981).
[4] See, Op. Att'y Gen. Fla. 92-5 (1992).
[5] See, Town of Palm Beach v. Gradison, 296 So.2d 473, 477 (Fla. 1974).
[6] And see, s. 125.001, Fla. Stat. (1993), which requires meetings of the board of county commissioners to be held at any appropriate public place in the county.
[7] See, Inf. Op. to Bill Nelson, May 19, 1980.
[8] Id. It has also been suggested that discussions at luncheon meetings by members of the board or commission which are audible only to those seated at the table may violate the "openness" requirement of the law. See, Op. Att'y Gen. Fla. 71- 159 (1971). Cf., City of Miami Beach v. Berns, 245 So.2d 38, 41 (Fla. 1971), in which the Florida Supreme Court observed: "A secret meeting occurs when public officials meet at a time and place to avoid being seen or heard by the public."
[9] Board of Public Instruction of Broward County v. Doran,224 So.2d 693, 699 (Fla. 1969). And see, Town of Palm Beach v. Gradison, 296 So.2d 473, 475 (Fla. 1974), in which the Court spoke of a meeting as being "a marketplace of ideas, so that the governmental agency may have sufficient input from the citizens who are going to be affected by the subsequent action of the [public agency]"; Krause v. Reno, 366 So.2d 1244 (Fla. 3d DCA 1979), referring to the "citizen input factor" and stating that this public input was an important aspect of public meetings: International Longshoremen's Association, Local 1922-1 v. Port Everglades Authority, No. 92-32994(11) (Fla. 17th Cir. Ct. August 18, 1993), stating that "[t]he courts have recognized the right of the public to participate in open meetings and to present their views."
[10] 442 So.2d 934, 941 (Fla. 1983).
[11] See, Inf. Op. to David G. Conn, May 7, 1987.
[12] See, Hough v. Stembridge, 278 So.2d 288, 291 (Fla. 3d DCA 1973). Accord, Yarbrough v. Young, 462 So.2d 515, 517 (Fla. 1st DCA 1985).
[13] See, Ops. Att'y Gen. 73-170 and 80-78.
[14] See, Government in the Sunshine Manual (1994 Edition) pp. 38-39.