Mr. Robert A. Sugarman 2801 Ponce De Leon Boulevard Suite 740 Coral Gables, Florida 33134
Dear Mr. Sugarman:
You have asked for my opinion on the following question:
Is the Board of Trustees of the Palm Tran, Inc./Amalgamated Transit Union Local 1577 pension plan subject to and governed by the Government in the Sunshine Law, section 286.011, Florida Statutes?
In sum:
The Board of Directors of the Palm Tran, Inc./Amalgamated Transit Union Local 1577 pension plan is subject to the provisions of the Government in the Sunshine Law.
According to your letter, Palm Tran, Inc., is a corporation owned by Palm Beach County and operates the mass transit bus system in the county. The Palm Tran, Inc./Amalgamated Transit Union Local 1577 pension plan provides pension benefits to the employees of the corporation and is governed by a board of four trustees: two appointed by the corporation and two by labor. Your question is whether the board of the pension plan of the corporation is subject to the open meetings requirement of the Sunshine Law.
Section 286.011(1), Florida Statutes, the Government in the Sunshine Law, provides:
"All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times. . . ."
It is the entire decision-making process to which the Sunshine Law applies and not merely to the formal assemblage of a public body at which the final vote is taken. Thus, the statute extends to discussions and deliberations as well as to the formal action taken by a public body.[1]
Florida case law provides that the Sunshine Law should be liberally construed to give effect to its public purpose.[2] In determining which entities may be covered by the Sunshine Law, the courts have stated that it was the Legislature's intent to extend application of the law so as to bind "every `board or commission' of the state, or of any county or political subdivision over which it has dominion and control."[3]
Information submitted regarding your request indicates that Palm Tran, Inc., is a not-for-profit corporation created by the Board of County Commissioners as an instrumentality of Palm Beach County to operate and manage the county's public transit system.[4] The board of directors of Palm Tran are the members of the Board of County Commissioners of Palm Beach County.[5] The president of the corporation is the county administrator; the secretary/treasurer is the clerk of the board of county commissioners or a designee; and the executive director of Palm Tran is the director of Palm Beach County's Department of Surface Transportation.[6]
As an instrumentality of the county, Palm Tran "is entitled to sovereign immunity for liability to the same extent as the County under the Florida Constitution and Section 768.28, Florida Statutes."[7] The agreement between Palm Tran and the county obligates the county to pay liability claims from third parties for damages, in tort, for injuries or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any officer or employee of the corporation.[8] The resolution of the Board of Palm Beach County approving the creation of Palm Tran recognizes that the corporation is an instrumentality of the county and provides that "[c]ounty departments, including but not limited to Administration, County Attorney's Office, Purchasing, Employee Relations Personnel, Risk Management, Office of Financial Management and Budget, Public Affairs, Engineering, Environmental Resources Management, Facilities Development Operations, and Airports, are authorized to assist Palm Tran, Inc." in providing transportation services for the county.[9]
Palm Tran, Inc., is clearly an instrumentality of the county. Moreover, the Florida Legislature has demonstrated its "dominion and control" over Palm Tran by exempting the corporation's employees from inclusion in the Florida State Retirement System, enabling them to take advantage of more advantageous federal retirement benefits.[10] As an agency or instrumentality of the county, Palm Tran, Inc., is subject to the open meeting requirements of the Sunshine Law.
Likewise, it is my opinion that the pension board of the corporation is subject to the Sunshine Law. The function of the board is to invest and manage funds on behalf of the employees of the corporation, relieving the county of any obligation to manage these pension plans. The funds being managed are county funds paid to the county corporation and passed through to the employees. The secretary/treasurer of the corporation is the clerk of the board of county commissioners and the clerk would be responsible for managing the pension funds in the absence of a designation elsewhere of this responsibility. The pension board is comprised of four members representing county management and employees and fulfills a county purpose. A consideration of all these factors leads me to the conclusion that the pension board, like Palm Tran itself, is subject to the Sunshine Law.[11]
Therefore, it is my opinion that the Board of Trustees of the Palm Tran, Inc./Amalgamated Transit Union Local 1577 Pension Plan is subject to and governed by the Government in the Sunshine Law, section 286.011, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969), in which the Court recognized the right of the public to be present during all phases of enactments by public boards or commissions; and Times Publishing Company v.Williams, 222 So.2d 470, 473 (Fla. 2d DCA 1969), stating:
"[I]t is the entire decision-making process that the legislature intended to affect by the enactment of the statute before us. . . . Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an "official act," an indispensable requisite to "formal action," within the meaning of the act."
[2] See, e.g., Board of Public Instruction, id., 224 So.2d 693
(Fla. 1969); and Wood v. Marston, 442 So.2d 934 (Fla. 1983) (statute should be broadly construed to effect its remedial and protective purposes).
[3] See, e.g., Times Publishing Company v. Williams,222 So.2d 470, 473 (Fla. 2d DCA 1969); and City of Miami Beach v. Berns,245 So.2d 38 (Fla. 1971); and see, Op. Att'y Gen. Fla. 92-17 (1992).
[4] See, Agenda Item Summary for meeting of 12/19/95, Palm Beach County Board of County Commissioners; and Agreement for the Management, Operation and Funding of Palm Beach County's Public Transit System By and Between Palm Beach County and Palm Tran, Inc., dated 1/9/96.
[5] Article III, s. 3.02, Bylaws of Palm Tran, Inc., dated 1/9/96.
[6] Article V, s. 5.01, id.
[7] Agreement . . . between Palm Beach County and Palm Tran, Inc., s. X A. at p. 11.
[8] Section X B., id.
[9] Palm Beach County Resolution No. R-95-, 2.
[10] See, s. 121.051(1)(d), Fla. Stat. (1996 Supp.), which provides that
Employees of a not-for-profit corporation or association created by the Board of County Commissioners of Palm Beach County for the purpose of owning, operating, or managing a public bus transit system formerly operated or managed by a private corporation subject to 49 U.S.C. s. 5333(b), shall not be eligible to participate in the Florida Retirement System.
[11] See, e.g., Op. Att'y Gen. Fla. 94-32 (1994), in which this office concluded that the Florida Windstorm Underwriting Association is subject to the Government in the Sunshine Law and the Public Records Law; and Op. Att'y Gen. Fla. 83-95 (1983), concluding that where a county has accepted the technical services of a nongovernmental advisory committee appointed by a private nonprofit corporation in the recodification and amendment of the county zoning laws, the meetings of such a committee were subject to the Sunshine Law, since the committee had been impliedly delegated the authority to act on behalf of the county commission in the examination and revision of the zoning code.