335 So.2d 354 (1976)
Ruth S. MITCHELL, Appellant,
v.
The SCHOOL BOARD OF LEON COUNTY, Florida, Appellee.
No. BB-380.
District Court of Appeal of Florida, First District.
July 26, 1976.
*355 Brian S. Duffy and Joseph C. Jacobs of Ervin, Varn, Jacobs & Odom, Tallahassee, for appellant.
C. Graham Carothers and Michael Pearce Dodson of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellee.
BOYER, Chief Judge.
Pursuant to a reorganization plan, appellant's position as supervisor of guidance and testing was abolished. She sought declaratory judgment and other relief. The question ultimately to be decided in that litigation is whether appellee acted properly in abolishing appellant's position. Appellant, via discovery, sought to discover who participated in formulation of the plan. Two persons deposed by appellant were the Superintendent and Director of Pupil Personnel Services. When appellant sought to elicit the substance of the conversations with the school board attorney concerning the reorganization plan, appellee's counsel instructed the deponents not to answer. Upon application to the trial judge for an order compelling discovery it was held that the "Government in the Sunshine Law" (F.S. 286.011) did not abrogate the attorney-client privilege as applied to a public body. This interlocutory appeal followed.
Requisite to application to the Sunshine Law is a meeting between two or more public officials. (Hough v. Stembridge, Fla.App.3rd 1973, 278 So.2d 288). That law was never intended to become a millstone around the neck of the public's representatives when being sued by a private party, nor should it be construed to discourage representatives of the people from seeking legal counsel. Although the Sunshine Law applies to actions of school boards (see Canney v. Board of Public Instruction of Alachua County, Sup.Ct.Fla. 1973, 278 So.2d 260. See also City of Miami Beach v. Berns, Sup.Ct.Fla. 1971, 245 So.2d 38, Town of Palm Beach v. Gradison, Sup. Ct.Fla. 1974, 296 So.2d 473 and Time Publishing Company v. Williams, Fla.App.2nd 1969, 222 So.2d 470) those cases do not reach the point here urged by appellant. The situation sub judice is analogous to that involved in Bassett v. Braddock, Sup.Ct.Fla. 1972, 262 So.2d 425, wherein our Supreme Court, emphasizing that a labor negotiator employed by the school board was an attorney, said:
"The public's representatives must be afforded at least an equal position with that enjoyed by those with whom they deal. The public should not suffer a handicap at the expense of a purist view *356 of open public meetings, so long as the ultimate debate and decisions are public and the `official acts' and `formal action' specified by the statute are taken in open `public meetings.' This affords the adequate and effective protection to the public on the side of the `right to know' which was intended." (Cites omitted: 262 So.2d 427)
Sub judice, appellant takes a broad approach, asserting that the trial judge erred in holding that the attorney-client privilege between the school board and its attorney is waived by F.S. 286.011, the Sunshine Law. The facts of this case do not require us to rule so broadly. As above recited, application of the Sunshine Law must be bottomed upon a meeting. Sub judice no meeting was involved; therefore the Sunshine Law is not applicable. Whether we would hold all communications between a public body and its attorney to be exempt from application of the Sunshine Law must await a case involving appropriate facts requiring that decision. (But compare Bassett v. Braddock, supra and Time Publishing Company v. Williams, supra.)
AFFIRMED.
McCORD and SMITH, JJ., concur.