364 So.2d 480 (1978)
FLORIDA PAROLE and PROBATION COMMISSION, Appellant,
v.
Walter THOMAS, Appellee.
No. JJ-112.
District Court of Appeal of Florida, First District.
May 19, 1978.
Carolyn M. Snurkowski, Gen. Counsel, Florida Parole and Probation Commission, Tallahassee, for appellant.
Richard A. Belz, of Florida Legal Services, Inc., Prison Project, Gainesville, for appellee.

*481 ON MOTION TO DISMISS
PER CURIAM.
On February 8, 1978, the Division of Administrative Hearings (DOAH) of the Department of Administration entered an order in consolidated case nos. 77-728R and 77-1258R. The order found that certain practices and procedures of the Florida Parole and Probation Commission (hereinafter the Commission) were rules and as such were invalid because of the failure of the Commission to properly adopt them pursuant to § 120.54, Fla. Stat. Pursuant to Fla. R.App.P. 9.030(b)(1)(C) and § 120.68, Fla. Stat., the Commission, through its attorney, filed a timely notice of appeal seeking review of the DOAH order. We now have for consideration appellee's motion to dismiss wherein it is argued that this appeal is void as a matter of law because the decision of the Commission to take this appeal constitutes "formal action" so as to require that the decision be reached in an open and public meeting as required § 286.011, Fla. Stat., which statute is commonly known as Florida's Government in the Sunshine Law. We now hold that the decision to take this appeal from a DOAH hearing officer's order is not one which triggers the public meeting requirements of the Government in the Sunshine Law. Accordingly, we deny the motion to dismiss.
Florida's Government in the Sunshine Law provides, in pertinent part, as follows:
286.011 Public meetings and records; public inspection; penalties

(1) All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation or any political subdivision, except as otherwise provided in the constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, regulation or formal action shall be considered binding except as taken or made at such meeting.
It is clear that requisite to the application of the Sunshine Law is a meeting of two or more public officials. Mitchell v. School Board of Leon County, 335 So.2d 354 (Fla. 1st DCA 1976). It is equally clear that the Sunshine Law would apply to all meetings of the Parole and Probation Commission. The facts of this case reveal that the Commission never met to determine whether to appeal the order now under review. The commencement of this appeal was, in the words of the Commission, "performed in the normal course of business by the Legal Department of this agency". The appeal was filed "with the approval of the Chairman and other members of the Commission, following individual discussions between legal staff and each commissioner concerning the final order rendered". In the absence of a meeting, the Sunshine Law is not applicable. Mitchell, supra. We cannot, however, allow this fact to mark the end of our inquiry, for it is obvious that the spirit, intent and purpose of the statute requires a liberal judicial construction in favor of the public and a construction which frustrates all evasive devices. We must, therefore, consider whether the process by which this appeal was taken should have included a formal public meeting of the Commission. We think not.
The Legislature has recognized that the Commission cannot carry out its statutory powers and duties in a vacuum. Among other supporting services, the Commission occasionally require formal legal representation, which is made available under § 947.11, Fla. Stat. With regard to the rules which are the subject of this appeal, the Commission has been represented by counsel throughout the administrative process. One obvious obligation of counsel is to advise the Commission of the prospective merits of an appeal from the administrative process, and to preserve the appeal by timely filing the jurisdictional notice of appeal. It would be unrealistic and intolerable to suggest that this and every other legal decision or legal act effected by counsel as representative of the Commission would have to be ratified at a formal public meeting. That result would, in our view, unduly hamper the efficient conduct of the Commission's *482 business and make effective legal representation virtually impossible. If, as urged by appellee, the decision to file this appeal is a formal action which must be taken at a Government in the Sunshine meeting, then such a meeting would be required to consider every procedural decision counsel makes in the course of this representation. Neither the letter nor the spirit of the Sunshine Law requires such an extreme and impractical result.
We find nothing improper in the individual discussions had between members of the Commission and the Commission's legal staff. It is well settled that frequent, unpublicized meetings between an agency member and advisors, consultants or staff who assist him in the discharge of his duties are not meetings within the contemplation of the Sunshine Law. See Bennett v. Warden, 333 So.2d 97 (Fla.2d DCA 1976), and Occidental Chemical Company v. Mayo, 351 So.2d 336 (Fla. 1977).
Appellee's motion to dismiss is DENIED.
MILLS, Acting C.J., and ERVIN and MELVIN, JJ., concur.