Mr. Edward D. Foreman City Attorney City of Pinellas Park 4154 Central Avenue St. Petersburg, Florida 33711
Dear Mr. Foreman:
This is in response to your request for an opinion on substantially the following question:
 WHETHER THE GOVERNMENT-IN-THE-SUNSHINE LAW IS APPLICABLE TO AN ELECTION CAMPAIGN FUNCTION WHICH IS ATTENDED BY TWO OR MORE MEMBERS OF THE CITY COUNCIL?
You state that the City Council of the City of Pinellas Park is comprised of the mayor and four council members. The terms of office for these five seats are staggered which results in the mayor and two council members being up for election every two years. During the election campaigns, various homeowner associations and other civic groups sponsor "candidates' nights" programs and other similar functions to which candidates for various local elective offices, including the city council, are invited to speak. Typically, issues involving business pending before the city council and business which may reasonably be expected to come before the city council are addressed by the candidates for the city council. You further state that in the past, more than one of the incumbent city council members, including those incumbent members not running for reelection have been in attendance at these functions.
The Government-in-the-Sunshine Law, s. 286.011, F.S., provides in pertinent part:
 (1) All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. (e.s.)
The courts of this state have interpreted the foregoing language to extend to the deliberations and discussions of a public board or commission. See, City of Miami Beach v. Berns, 245 So.2d 38
(Fla. 1971). Thus the statute is applicable to any gathering where members of the board or commission deal with some matter upon which foreseeable action will be taken by the board. It is the entire decision-making process which the Legislature intended to affect by the enactment of s. 286.011, F.S. See, Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969), in which the Court recognized the right of the public to be present and heard during all phases of enactments by public boards and commissions. And see, Times Publishing Company v. Williams,222 So.2d 470, 473 (2 D.C.A. Fla., 1969), wherein the court stated:
 Every thought, as well as every affirmative act, of a public official as it relates to and is within the scope of his official duties, is a matter of public concern; and it is the entire decision-making process that the legislature intended to affect by the enactment of the statute. . . . Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an "official act," an indispensable requisite to "formal action," within the meaning of the act.
As stated in Hough v. Stembridge, 278 So.2d 288, 289 (3 D.C.A.Fla., 1973), "[i]n order for there to be a violation of F.S. s. 286.011, F.S.A., a meeting between two or more public officials must take place which is violative of the statute's spirit, intent, and purpose. The obvious intent of the Government in the Sunshine Law, supra, was to cover any gathering of some of the members of a public board where those members discuss some matters on which foreseeable action may be taken by the board." Therefore, if two or more members of the city council meet to discuss some matter which will in the foreseeable future be brought before the board for appropriate action, the Sunshine Law is applicable to such meeting. However, as stated in AGO 83-70, "[t]his is not to say that two or more members of a public body may not meet at a social gathering or private club, only that such public officials should avoid discussing matters on which foreseeable action will be taken by the public board of which they are members." And see, AGO 76-103, in which this office concluded that members of a city commission who are also volunteer firemen may attend meetings of the volunteer firemen's association, provided that they do not engage in any discussion of matters relating to their public duties or on which foreseeable action may be taken by the city commission.
The crux of the problem presented by your inquiry is whether the presentation made by incumbent member or members of the council running for reelection at a political campaign function where other members of the city council are present constitutes a "discussion" of foreseeable public business for purposes of the Sunshine Law. You expressly state that issues involving business pending before the city council and business which may reasonably be expected to come before the city council are addressed at these functions. The American Heritage Dictionary of the English Language (1979) p. 377, defines the term "discussion" to mean "[t]he consideration of a subject by a group; an earnest conversation." The second meaning given the term by that source is: "A discourse by one person upon a topic; an exposition." You state in your letter of inquiry that "there is no communications between incumbent Council members at these meetings." While under the facts as presented in your letter, no give-and-take discussion takes place between present council members, certainly there is a communication of ideas and positions on matters pertaining to city business from one council member to another council member at these campaign functions. As stated in AGO 83-70, "if there is a question as to whether a meeting is subject to the Government in the Sunshine Law, it is advisable to comply with the requirements of the statute." See also, City of Miami Beach v. Berns, supra, at 41, wherein the Florida Supreme Court stated: "If a public official is unable to know whether by any convening of two or more officials he is violating the law, he should leave the meeting forthwith." And see, Town of Palm Beach v. Gradison,296 So.2d 473, 477 (Fla. 1974), stating that "[t]he principle to be followed is very simple: When in doubt, the members of any board, agency, authority or commission should follow the open-meeting policy of the State." The spirit and intent of the Sunshine Law is to prevent the exchange of positions on public business which would allow crystalization of the decision-making process where the public is excluded. See, News-Press Publishing Co., Inc. v. Carlson, 410 So.2d 546 (2 D.C.A.Fla., 1982) (purpose of the Government-in-the-Sunshine Law is to prevent, at nonpublic meetings, crystalization of secret decisions to point just short of ceremonial acceptance); Florida Parole and Probation Commission v. Thomas, 364 So.2d 480 (1 D.C.A. Fla., 1978) (spirit, intent and purpose of the sunshine law requires a liberal judicial construction in favor of the public and a construction which frustrates all evasive devices).
I am therefore of the opinion that a political campaign function where an incumbent city council member discusses his position on issues about which foreseeable action will be taken by the council when other members of the city council are present is a meeting for purposes of s. 286.011, F.S., and must comply with the requirements of the Government-in-the-Sunshine Law.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General