GUNTHER, Judge.
We affirm the trial court’s final order of dismissal.
Appellant, Deerfield Beach Publishing, Inc., brought the instant suit for injunctive relief under the Florida Sunshine Law, section 286.011, Florida Statutes (1985). In the amended complaint, appellant alleged that the appellee, Jean Robb as the Mayor of Deerfield Beach, violated the sunshine law by discussing on certain dates with other commissioners significant portions of the public decision-making process in non *511 public forums without public notice. However, appellant did not allege by name or description the identity of the other commissioner(s) with whom appellee violated the sunshine law.
Although the sunshine law was enacted to protect the public from “closed door” politics and thus should be construed liberally in order to effect its remedial and protective purpose, it was never intended to become a millstone around the neck of the public’s representatives. See Wood v. Marston, 442 So.2d 934 (Fla.1983); Mitchell v. School Board of Leon County, 335 So.2d 354 (Fla. 1st DCA 1976).
In the instant case, we agree with the trial court’s ruling that:
Plaintiff’s Amended Complaint was deficient in failing to in any way identify or describe in the Amended Complaint the supposed “other commissioner” (without whom the Mayor would be. unable to consummate the alleged violations) with whom Defendant MAYOR JEAN ROBB was alleged to have privately discussed with the alleged “other commissioner.”
Requisite to application of the sunshine law is a meeting between two or more public officials. Mitchell, 335 So.2d at 355. Accordingly, we hold that in order to state a cause of action for injunctive relief under section 286.011, Florida Statutes, a complaint must allege by name or sufficient description the identity of the public official with whom the defendant public official has violated the sunshine law.
AFFIRMED.
TOBIN, DAVID L., Associate Judge, concurs.
STONE, J., concurs specially with opinion.