570 So.2d 1325 (1990)
NEWS-PRESS PUBLISHING COMPANY, INC., D/B/a the News-Press, Petitioner,
v.
LEE COUNTY, Florida, City of Cape Coral, and City of Fort Myers, Respondents.
No. 90-01403.
District Court of Appeal of Florida, Second District.
June 13, 1990.
Rehearing Denied September 10, 1990.
*1326 Steven Carta of Peper, Martin, Jensen, Maichel & Hetlage, Fort Myers, for petitioner.
Claire L. Hamner of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for Judge Blackwell.
James G. Yaeger, County Attorney, and Bruce R. Conroy, Assistant County Attorney, Fort Myers, for respondent Lee County.
William M. Powell, City Attorney, Cape Coral, for respondent City of Cape Coral.
Frank B. Watson, Jr., City Atty., Fort Myers, and Charles L. Siemon and Andrew C. Stansell, of Siemon, Larsen & Purdy, Boca Raton, for respondent City of Fort Myers.
Harry G. Goodheart, III, and Lucinda Meekins Stathis, Bradenton, for Harry G. Goodheart, III, Mediator.
Kraig A. Conn, General Counsel, Tallahassee, for Amicus Curiae Florida League of Cities, Inc.
PER CURIAM.
The News-Press Publishing Company has filed this petition for writ of certiorari to review the trial court's order denying it access to mediation proceedings. Lee County filed a complaint against the City of Ft. Myers seeking declaratory relief regarding a dispute over the location of a proposed bridge. The City of Cape Coral became a party as an intervenor. As the litigation progressed, the trial court ordered the parties to participate in mediation proceedings. In its order appointing the mediator, the parties were directed to have present a representative with full authority to bind them. Subsequently, a reporter for the News-Press was informed by the mediator that the mediation proceeding would be closed to the public. The News-Press then filed a motion for limited intervention and to compel the mediation hearings to be open to the public and the media. The motion to intervene was granted but the trial judge denied the motion to compel open mediation hearings.
In denying the motion to open the mediation proceeding, the trial judge entered an amended order appointing a mediator. The amended order considerably narrowed the scope of the mediation hearing as follows:
* * * * * *
3. The Court is cognizant of the parties' status as public bodies and their obligations under Sec. 286.011, Florida Statutes (1983), commonly known as the "Sunshine Law" and Sec. 164.106, Florida Statutes with regard to the difficulty of having representatives present at the Mediation Conference with full authority to settle all issues, and with regard to negotiating and settling cases such as this in the Mediation Conference setting. Accordingly, the parties are at liberty not to have representatives present at the Mediation Conference with full authority to settle all issues, and the Court fully understands that no final settlement negotiations or decisions, or actual settlement may be made during the Mediation Conference. Notwithstanding the foregoing, the provisions of Chapter 44.301-44.306 and Rule 1.700-1.780, F.R.C.P., regarding the privileged nature of Mediation Conferences and confidentiality in private caucuses with the mediator are to be observed.
Mediation is a relatively new facet of Florida Law, adopted in 1987 to be effective January 1, 1988. See Florida Session Laws, Chapter 87-173. We are not cited, nor have we found, any cases applying the "Sunshine Law" (section 286.011, Florida Statutes (1989)) to mediation proceedings, either generally or when such proceedings involve public entities. The mediation statute provides, in part, that "[e]ach party involved in the mediation proceeding has a privilege to refuse to disclose, and to prevent any person present at the proceeding from disclosing, communications made during such proceeding whether or not the dispute was successfully resolved." See section 44.302(2), Florida Statutes (1989).
*1327 Respondents argue that the above portion of the mediation statute and Florida Rule of Civil Procedure 1.720 (allowing mediators to meet and consult privately with any party or parties or their counsel) take mediation out of the "Sunshine Law." They also argue that the very purpose of mediation would be subverted by holding the hearings in public. The petitioner, on the other hand, contends that such an exception would be a "potentially gaping loophole" in the "Sunshine Law," and that the representatives of each agency involved are similar to an "ad hoc committee" with power to resolve issues having a direct impact upon the decisions of their respective agencies.
Respondents also argue that no meeting is to take place here within the meaning of the "Sunshine Law" because representatives of various boards are meeting but no two members of any of the boards will be present, citing cases such as Rowe v. Pinellas Sports Authority, 461 So.2d 72, 75 (Fla. 1984) and Godheim v. City of Tampa, 426 So.2d 1084, 1088 (Fla. 2d DCA 1983). Petitioner contends these cases are distinguishable, that they are really based on scenarios where the representatives of the boards were not clothed with any decision-making or recommendatory powers and that they were merely gathering information for their boards.
Because of the very limited scope of these mediation proceedings, as established by the above-quoted amended order appointing a mediator, we are not called upon to decide, nor do we express an opinion, as to whether the "Sunshine Law" applies to full mediation proceedings when public bodies are involved as parties. For the same reason, we are not here faced with deciding which interpretation of the case law cited above, if either, is correct. Instead, we merely hold here that the narrow scope of the mediation proceedings in this case does not give rise to a substantial delegation affecting the decision-making function of any board, commission, agency or authority sufficient to require that this mediation proceeding be open to the public. Accordingly, the stay order previously entered by this court in this case is withdrawn, effective when this opinion becomes final.
Certiorari denied.
CAMPBELL, C.J., and SCHEB and THREADGILL, JJ., concur.