Mr. William N. DeVane, Jr. Attorney for the Florida Keys Community College Post Office Box 500177 Marathon, Florida 33050-0177
Dear Mr. DeVane:
On behalf of the Board of Trustees of the Florida Keys Community College, you ask substantially the following question:
Are discussions between an individual member of the community college board of trustees and a member of the county school board relating to the school board's acquisition of a site for a facility that, when constructed, will be jointly used by the community college and the school district subject to the Government in the Sunshine Law?
In sum:
Discussions between an individual member of the community college board of trustees and a member of the school board relating to the acquisition of a site for a facility that, once constructed, will be jointly used by the community college and the school district are not subject to the Government in the Sunshine Law when the decision to acquire the property is not a joint decision but rests solely with the school board.
According to your letter, the trustees and the school board have entered into an agreement whereby the community college will provide $3 million in funding for the construction of a joint-use facility. You have advised this office that $27 million will be funded by the school board through other sources. The facility, to be located at the proposed site of the Coral Shores High School, will be owned by the school board.
You state that certain members of the board of trustees have indicated an interest in discussing matters relative to the joint-use facility at other than a regularly scheduled trustees meeting. You have advised this office that the school board is apparently encountering some problems in obtaining the property for the facility, and a member of the board of trustees is interested in discussing these problems with an individual school board member. From the information provided to this office, however, the community college board of trustees is not involved in the acquisition of the property and is not required to make any decision regarding such acquisition.
The Government in the Sunshine Law, section 286.011(1), Florida Statutes, provides:
"All meetings of any board or commission . . . of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. . . ."
Florida courts have repeatedly stated that it is the entire decision-making process to which the Sunshine Law applies, and not only to a formal assemblage of a public body at which voting to ratify an official decision is carried out. Thus, the statute extends to discussions and deliberations as well as to formal action taken by a public body.[1] Therefore, the law is generally applicable to any gathering where two or more members of a public board or commission discuss some matter on which foreseeable action will be taken by the board or commission.
The Sunshine Law, however, does not ordinarily apply to discussions between a single member of a board and a nonboard member unless there has been a delegation of the decision-making process to the single member.[2] Thus, this office has stated that a meeting between the chairman of a private industry council created pursuant to federal law and the chairman of a five-county employment and training consortium created pursuant to state law was not subject to section 286.011, Florida Statutes, unless a delegation of decision-making to the chairman of the consortium was present.[3]
Similarly, Attorney General Opinion 87-34 concluded that an individual city council member could meet privately with an individual member of the municipal planning and zoning board to discuss a recommendation made by the board since two or more members of neither body would be present. Such a conclusion was dependent upon a finding that no delegation of decision-making authority had been made to the city council member present, and that the member was not acting as a liaison for the council or its members in these discussions.
In reaching this conclusion, Attorney General Opinion 87-34 relied on Rowe v. Pinellas Sports Authority.[4] In Rowe the Supreme Court of Florida was asked to review bond validation procedures that appellant argued violated the Sunshine Law. After examining the record, the Court determined:
"[N]o meetings involving these bonds occurred with two or more members of any one of the three governmental entities present. . . . There was never any meeting where any two individuals with decision-making capacity were present."[5]
The individuals involved could only report back to their respective governmental bodies, and any subsequent discussions and decisions of the three governing bodies took place at open meetings. Therefore, these meetings of the individual members of the three boards were not subject to the Sunshine Law "since no two individuals who were members of the same governing body were present at any one of these discussions, no decision-making official acts could occur that would violate the act."[6]
From the information you have provided to this office, the discussions between a member of the board of trustees and a member of the school board do not concern matters that must be jointly decided by the two boards. Rather, the acquisition of land for the construction of the facility and the attendant problems related to such acquisition are a school board matter. While you indicate that a substantial delay in the project may cause the $3 million grant to lapse and the board of trustees to vote again on funding, this is not a decision that the board of trustees and school board must jointly make. Moreover, this office has not been provided with any information indicating that either of the individual board members has been delegated any decision-making authority.
Accordingly, I am of the opinion that conversations between an individual member of the community college board of trustees and a member of the school board relating to the acquisition of a site for a facility that, once constructed, will be jointly used by the community college and the school district are not subject to the Government in the Sunshine Law when the decision to acquire the property is not a joint decision but rests solely with the school board.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Board of Public Instruction of Broward County v. Doran,224 So.2d 693, 699 (Fla. 1969), in which the Court recognized the right of the public to be present and heard during all phases of enactments by public boards; Krause v. Reno, 366 So.2d 1244 (Fla.3d DCA 1979). And see, Times Publishing Company v. Williams,222 So.2d 470, 473 (Fla. 2d DCA 1969), stating:
"[I]t is the entire decision-making process that the legislature intended to affect by the enactment of the statute before us. . . . Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an "official act," an indispensable requisite to "formal action," within the meaning of the act."
[2] See, Deerfield Beach Publishing, Inc. v. Robb,530 So.2d 510 (Fla. 4th DCA 1988) (requisite to application of Sunshine Law is meeting between two or more board members).
[3] Attorney General Opinion 84-16.
[4] 461 So.2d 72 (Fla. 1984).
[5] 461 So.2d at 75.
[6] Id.