Mr. G. Russell Petersen General Counsel Indian River County School Board 3339 Cardinal Drive, Suite 200 Vero Beach, Florida 32963
Dear Mr. Petersen:
On behalf of the Indian River County School Board, you ask substantially the following questions:
1. May a member of the school board meet individually with a member of an advisory committee appointed by the school board to study and make recommendations to the school board on the redistricting of school board member boundaries?
2. May a school board member attend an advisory committee meeting without prior notice of his or her attendance?
In sum:
1. A member of the school board may meet individually with a member of an advisory committee appointed by the school board to study and make recommendations to the school board on the redistricting of school board member boundaries, provided that neither individual has been delegated any decision-making authority or is acting as a liaison between members of their respective boards in these discussions.
2. While notice of the school redistricting advisory committee meeting must be provided, a school board member may attend an advisory committee meeting without prior notice of his or her attendance. If, however, it is known that two or more members of the school board are planning to be in attendance and participate, it would be advisable to note their attendance in the notice of the meeting.
Question One
You state that the Indian River County School Board has created an advisory committee to make recommendations on the redrawing of school board members' districts.[1]
The Government in the Sunshine Law, section 286.011(1), Florida Statutes, provides:
"All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings."
The Sunshine Law thus imposes three requirements that govern meetings of public agencies: The meetings must be open to the public; written minutes must be kept and open to public inspection; and reasonable notice to the public must be given as to the time and place of the meeting.
Florida courts have repeatedly stated that it is the entire decision-making process to which the Sunshine Law applies, and not only to a formal assemblage of a public body at which voting to ratify an official decision is carried out. The statute extends to discussions and deliberations as well as to formal action taken by a public body.[2] Therefore, the law is generally applicable to any gathering where two or more members of a public board or commission discuss some matter on which foreseeable action will be taken by that board or commission.
Thus, the Sunshine Law is applicable to discussion between two or more members of the school board on some matter that will foreseeably come before the board. The redistricting committee, created by the school board for the purpose of making recommendations to the board, is also subject to the provisions of section 286.011, Florida Statutes. As the courts of this state have made clear, even advisory bodies whose powers are limited to making recommendations to a public agency and which possess no authority to bind that agency in any way are subject to the Sunshine Law.[3] Two members of the redistricting committee meeting to discuss the issue of school board member districts, therefore, would have to comply with the notice, minutes and access requirements of section 286.011, Florida Statutes.
While the Sunshine Law generally applies to meeting of two or more members of a public board to discuss some matter that will come before that board, it does not ordinarily apply to discussions between a single member of a board and a nonboard member unless there has been a delegation of the decision-making process to the single member.[4] This office has therefore stated that a meeting between the chairman of a private industry council created pursuant to federal law and the chairman of a five-county employment and training consortium created pursuant to state law was not subject to section 286.011, Florida Statutes, unless a delegation of decision-making to the chairman of the consortium was present.[5]
The situation in the instant inquiry is analogous to that presented in Attorney General Opinion 87-34. In that opinion, this office concluded that an individual city council member could meet privately with an individual member of the municipal planning and zoning board that had been appointed by the city commission to make recommendations to the city council. While the meeting between the individual city council member and the planning and zoning board member was held to discuss a recommendation that had been made by the zoning board to the city council, this office's conclusion was dependent upon a finding that no two members of the same collegial body were present.
The opinion also went on to say that the Sunshine Law was not applicable unless based upon a finding that there had been no delegation of the city council's decision-making authority to the single council member attending the meeting, nor was the council member acting as a liaison between members of the planning and zoning board in these discussions.
Similarly, in the instant inquiry there are not two members from the same board present. While the school board appointed the members of the advisory committee and will review the advisory committee's recommendations, the individual school board member is not a member of the advisory committee and does not have the authority to cast a vote to determine which recommendations the advisory committee will submit to the school board. While the committee member may consider and vote upon the recommendations that will be submitted to the school board, he or she has no authority to participate in the vote on such recommendations once they have been submitted to the school board for its consideration.
This office has not been provided with any information indicating that either of the individual board members has been delegated any decision-making authority or was acting as a liaison between members of the respective boards in these discussions.
Accordingly, I am of the view that as no two members of the same collegial body are present, no violation of the Government in the Sunshine Law would occur when a member of the school board meets individually with a member of an advisory committee appointed by the school board to study and make recommendations to the school board on the redistricting of school board member's district boundaries, provided that neither individual has been delegated any decision-making authority or is acting as a liaison between members of the respective boards.
Question Two
Your second question concerns the attendance of a school board member at a meeting of the school advisory committee. As discussed in Question One, meetings of the redistricting committee, created by the school board to make recommendations relating to school board member districts, are subject to the Sunshine Law. Thus, reasonable notice of such meetings must be given.[6]
You ask whether such notice of the advisory committee meeting must include notice of a school board member's planned attendance at the meeting. In Attorney General Opinion 91-95, this office stated that a county commissioner could attend a meeting of a county board or agency on which another county commissioner serves as a board member, and may participate in the discussion of matters that may foreseeably come before the county commission without being in clear violation of the Sunshine Law, section 286.011, Florida Statutes, if reasonable public notice of the agency meeting has been provided to the public. More recently in Attorney General Opinion 98-79, this office stated that a city commissioner may attend a community development board meeting and express his or her views on a proposed ordinance even though other city commissioners may be in attendance. This office warned, however, that the city commissioners in attendance may not engage in a discussion or debate among themselves.
Similarly, in Attorney General Opinion 98-14, this office concluded that a separate notice of a meeting of the metropolitan planning organization (MPO) was not required when discussion of matters that may foreseeably come before the MPO occurs at an advertised, public meeting of a city council of which two or more members are ex officio members of the MPO, provided the agenda reflects that the purpose of such a meeting is to discuss MPO matters.
Based upon the above opinions, it appears that while notice of the school redistricting advisory committee meeting must be provided, a school board member may attend an advisory committee meeting without prior notice of his or her attendance. If, however, it is known that two or more members of the school board are planning to be in attendance and participate, it would be advisable to note their attendance in the notice of the meeting.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 230.061(2), Fla. Stat., the school board may make changes to the residence area boundaries of school board members in odd-numbered years.
[2] See, Board of Public Instruction of Broward County v. Doran,224 So.2d 693, 699 (Fla. 1969), in which the Court recognized the right of the public to be present and heard during all phases of enactments by public boards; Krause v. Reno, 366 So.2d 1244 (Fla. 3d DCA 1979). And see, Times Publishing Company v. Williams,222 So.2d 470, 473 (Fla. 2d DCA 1969), stating:
"Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an "official act," an indispensable requisite to "formal action," within the meaning of the act."
[3] See, e.g., Town of Palm Beach v. Gradison, 296 So.2d 473
(Fla. 1974); Wood v. Marston, 442 So.2d 934 (Fla. 1983); SpillisCandela Partners, Inc. v. Centrust Savings Bank, 535 So.2d 694
(Fla. 3d DCA 1988).
[4] See, Deerfield Beach Publishing, Inc. v. Robb,530 So.2d 510, 511 (Fla. 4th DCA 1988) (requisite to application of Sunshine Law is a meeting between two or more board members).
[5] Attorney General Opinion 84-16 (1984). And see, Rowe v.Pinellas Sports Authority, 461 So.2d 72, 75 (Fla. 1984), in which the Court was asked to review bond validation procedures that appellant argued violated the Sunshine Law. After examining the record, the Court determined:
"[N]o meetings involving these bonds occurred with two or more members of any one of the three governmental entities present. . . . There was never any meeting where any two individuals with decision-making capacity were present."
See also, News-Press Publishing Company, Inc. v. Lee County,570 So.2d 1325 (Fla. 2d DCA 1990) (Sunshine Law inapplicable to mediation meeting because no two members of any of the boards will be present and there has not been any substantial delegation affecting the decision-making function of any board).
[6] Section 286.011(1), Fla. Stat.