Dear Mr. Driscoll:
On behalf of the St. Pete Beach City Commission, you ask substantially the following question:
May city commissioners, outside a public meeting, exchange documents that they wish other members of the commission to consider on matters coming before the commission for official action, and if so, what limitations exist?
You have not provided this office with any specific facts; therefore, my comments must be general in nature.
Florida's Government in the Sunshine Law, section 286.011, Florida Statutes, provides that all meetings of any board or commission of any state agency or authority or any agency or authority of any county, municipal corporation, or political subdivision at which official acts are to be taken are declared to be public meetings open to the public at all times. The statute has been interpreted by the courts to apply to any gathering between two or more members of a board or commission to discuss some matter on which foreseeable action may be taken by the board or commission.[1]
While the Sunshine Law generally applies to meetings of "two or more" members of the same board or commission,[2] the Florida Supreme Court has stated that the Sunshine Law is to be construed "so as to frustrate all evasive devices."[3] Thus, the courts and this office have found that there are instances where the physical presence of two or more members is not necessary in order to find the Sunshine Law applicable. For example, this office has concluded that the use of memoranda among members of a board or commission to avoid a public meeting may be a violation of the Sunshine Law, even though two members of the board or commission are not physically present. In such a situation, if a memorandum reflecting the views of a board member is circulated among the other board members with each indicating his or her approval or disapproval, upon completion of the members signing off, the memorandum has the effect of becoming official action of the board in violation of the Government in the Sunshine Law.[4]
This office has stated, however, that the use of a written report by one commissioner to merely inform other commissioners of a subject which will be discussed at a public meeting is not a violation of the Sunshine Law provided that there is no response from, or interaction related to the report among, the commissioners prior to the public meeting. In Attorney General Opinion 89-23, this office stated that in such cases, the report, which is subject to disclosure under the Public Records Act, is not being used as a substitute for action at a public meeting as there is no response from or interaction among the commissioners prior to the meeting.[5] If, however, the report is circulated among board members for comments with such comments being provided to other members, there is interaction among the board members which is subject to section286.011, Florida Statutes.[6]
In Attorney General Opinion 01-21, this office was asked whether the preparation and distribution of individual position statements on the same subject by several city council members to all other council members would constitute an interaction or exchange by the council that would be subject to the requirements of the Government in the Sunshine Law. This office determined that such a practice would violate the Sunshine Law to the extent that any such communication is a response to another council member's statement. In reaching its conclusion, this office noted that the city council's discussions and deliberations on matters coming before the council must occur at a duly noticed city council meeting and the circulation of position statements must not be used to circumvent the requirements of the statute.
As noted above, this office has not been provided with information about the documents being transmitted or how this is to be accomplished. Based upon the above opinions, however, a commissioner may send informational material to the other commissioners outside of a public meeting provided that there is no interaction between or response from the other commissioners. In order to avoid the appearance of impropriety, it may be advisable to forward such information to the other commissioners rather than physically meet to exchange the materials. If the commissioners intend to exchange individual position papers on the same subject, this office would express the same concerns as were raised in Attorney General Opinion 01-21. While it is not a direct violation of the Sunshine Law for members to circulate their own written position statements to other council members so long as the council members avoid any discussion or debate among themselves on these statements, the members' discussions and deliberations on matters coming before the commission must occur at a duly noticed city commission meeting and the circulation of these position statements must not be used to circumvent the requirements of the statute. Thus, as stated in Attorney General Opinion 01-21, this office would strongly discourage such a practice.
Accordingly, I am of the opinion that a city commissioner may, outside a public meeting, send documents that the commissioner wishes other members of the commission to consider on matters coming before the commission for official action, provided that there is no response from, or interaction related to such documents among, the commissioners prior to the public meeting.
Sincerely,
Bill McCollum Attorney General
[1] See, Board of Public Instruction of Broward County v. Doran,224 So. 2d 693, 698 (Fla. 1969) (intent of the Sunshine Law is to "cover any gathering of the members where the members deal with some matter on which foreseeable action will be taken by the board").
[2] Hough v. Stembridge, 278 So. 2d 288 (Fla. 3rd DCA, 1973). Andsee, City of Sunrise v. News and Sun-Sentinel Company, 542 So. 2d 1354
(Fla. 4th DCA 1989); Deerfield Beach Publishing, Inc. v. Robb,530 So.2d 510 (Fla. 4th DCA 1988) (requisite to application of the Sunshine Law is a meeting between two or more public officials); andMitchell v. School Board of Leon County, 335 So. 2d 354 (Fla. 1st DCA 1976).
[3] See, e.g., Town of Palm Beach v. Gradison, 296 So. 2d 473, 477
(Fla. 1974); Blackford v. School Board of Orange County, 375 So. 2d 578
(Fla. 5th DCA 1979).
[4] See Inf. Op. to the Honorable John Blair, May 29, 1973. Andsee Ops. Att'y Gen. Fla. 90-03 (1990) (proposed contract may not be circulated among board members for comments to be provided to other members, as this would be communication among the members on an issue upon which the board will take official action subject to the Sunshine Law) and 93-90 (1993) (board responsible for assessing the performance of its chief executive officer should conduct the review and appraisal process in a proceeding open to the public, instead of using a review procedure in which individual board members evaluate the CEO's performance and send their individual written comments to the board chairman for compilation and subsequent discussion with the chief executive officer).
[5] See also Op. Att'y Gen. Fla. 01-20 (2001) (e-mail communication of factual background information from one city council member to another which does not result in the exchange of council members' comments or responses on subjects requiring council action, does not constitute a meeting subject to the Sunshine Law; e-mail, however, is a public record).
[6] See, e.g., Op. Att'y Gen. Fla. 96-35 (1996), stating that a school board member may prepare and circulate an informational memorandum or position paper to other board members; however, the use of a memorandum to solicit comments from other board members or the circulation of responsive memoranda by other board members would violate the Sunshine Law.